AMERICAN STEAM GAUGE AND VALVE MANUFACTURING COMPANY *vs.* MECHANICS IRON FOUNDRY COMPANY.

Suffolk. March 4, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Contract*, Performance and breach, Rescission, Course of business, Reasonable time.

In an action of contract by a manufacturer against the proprietor of a foundry to recover the amount paid by the plaintiff to the defendant for certain defective castings that the plaintiff offered to return fourteen months after they were delivered to him, where there is evidence that the defects in the castings could not be ascertained without a test, that the demand for the goods in which the plaintiff used the castings was so fluctuating that, in accordance with a course of dealing between the plaintiff and the defendant, the plaintiff did not test the castings until they were required in the process of manufacture, and that, when a load of imperfect ones had accumulated, the defendant

---

took them away and they were charged to the defendant in accounting, it cannot be ruled as matter of law that under these circumstances even fourteen months was an unreasonable time after which to offer to return the defective castings.

CONTRACT for $343.96 on an account annexed, containing three items, to recover the price paid by the plaintiff for certain defective iron castings sold by the defendant to the plaintiff which the plaintiff claimed the right to return, the items being dated respectively December 12, 1907, June 30, 1908, and October 29, 1908. Writ in the Municipal Court of the City of Boston dated June 9, 1910.

On appeal to the Superior Court the case was tried before *Fox*, J. The facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to instruct the jury as follows:

"1. If the goods are defective it is the duty of the buyer to return them within a reasonable time.

"2. A failure on the part of the buyer to return them within a reasonable time will bar the buyer from recovery for any defects in an action against the seller based on a right to return the goods.

"3. That in the action at bar the dates of the different items in the account annexed are not such as to bring them within the limits of a 'reasonable time.'"

The judge gave the first two of these instructions, but refused to give the third, and left it to the jury to determine whether the right of return was exercised reasonably in this case.

The jury returned a verdict for the plaintiff in the sum of $316.73; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. N. Poland*, for the defendant.

*A. J. Lyman*, for the plaintiff.

RUGG, C. J. This is an action of contract by which the plaintiff seeks to recover the price it had paid to the defendant for defective castings. There was evidence tending to show that the defendant for a considerable time had made castings for the plaintiff, which it was necessary to "machine" in order to determine whether they contained defects, and that, as the demand for the

goods in which the plaintiff used these castings was fluctuating, they were not tested until needed in the process of manufacture, and when a load of imperfect ones had accumulated, the defendant removed them and their price was charged back by the plaintiff to the defendant in accounting.   The last of the castings alleged to be faulty in this case were delivered to the plaintiff in August, 1907, and notice of defect was given in December, 1907, and in June and October, 1908.   The defense, so far as it now presents any question of law, is that these notices and offers to return were not made within a reasonable time.

Reasonable time is not an inflexible term.   It depends commonly upon the circumstances of each case.   When the facts are undisputed, it is a question of law.   But when the salient facts are in controversy and depend in part upon inferences to be drawn by sound judgment, then it is a fact to be determined by the practical sense of a jury.   *Williams* v. *Powell*, 101 Mass. 467.

There was a wide diversity in the testimony and contentions presented at the trial.   The course of dealing between the parties in the case at bar, the nature of the goods sold, the character of the defects and the method of discovery were such as to render it improper to rule as matter of law whether the offer to return was made within a reasonable time.   A delay of over a year after the receipt of goods ordinarily would be pronounced unreasonable.   But it may have been found to have been the understanding that no inspection for the discovery of flaws should be undertaken until the time came in the usual conduct of the plaintiff's business for incorporating the castings into other mechanisms and that notice was given to the defendant as soon as the defects were revealed in this way.   If this was so, the plaintiff may have been found to have acted reasonably.

*Exceptions overruled.*