JOSEPH J. JAMROG *vs.* H. L. HANDY COMPANY.

Hampshire.　September 20, 1933. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Sale,* Notice of breach of warranty. *Evidence,* Presumptions and burden of proof. *Agency,* Scope of employment.

In an action of contract by the buyer against the seller of goods, which the plaintiff had accepted, for breach of warranty of fitness thereof for the use to be made of them, the burden is on the plaintiff to prove that, in accordance with the requirements of G. L. (Ter. Ed.) c. 106, § 38, he gave a sufficient notice of the breach to the defendant within a reasonable time after he knew or ought to have known of the breach.

While the notice required under the statute above named must refer to particular sales, must fairly advise the seller of the alleged defect, and must specify with reasonable particularity in what the breach consists, it need not necessarily take the form of an express claim for damages or threat of such, but is sufficient if the fact, that the buyer is asserting a violation of his legal rights, reasonably may be inferred therefrom.

At the trial of an action of contract by a buyer against the seller of turkeys for breach of a warranty of their fitness for food, it appeared that a salesman of the defendant had sold the turkeys to the plaintiff at the plaintiff's place of business, knowing that they were to be sold by the plaintiff to a boarding house keeper for use as food for her boarders; that the turkeys were delivered to the plaintiff and by him to his customer and that they proved unfit for food. There was evidence that two days after the delivery the defendant's salesman, while at the plaintiff's place of business on the defendant's business,

had a talk with the plaintiff in which the plaintiff said that the boarding house keeper had said that the turkeys were "off condition." *Held*, that

(1) A finding was warranted that the notice given to the defendant's salesman by the plaintiff fulfilled the requirements of G. L. (Ter. Ed.) c. 106, § 38; distinguishing *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163;

(2) A finding was warranted that it was within the scope of the employment of the defendant's salesman to receive notice of the breach of warranty of fitness.

CONTRACT. Writ dated March 24, 1932.

In the Superior Court, the action was tried before *T. J. Hammond*, J. Material evidence and rulings by the trial judge are described in the opinion. There was a verdict for the plaintiff in the sum of $3,890. The defendant alleged exceptions.

*F. P. Garland*, (*K. H. Hemenway* with him,) for the defendant.

*G. L. Burke*, for the plaintiff.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover damages for an alleged breach of warranty in the sale of turkeys to him.

One Zytkiewicz, a witness called by the plaintiff, testified in substance that on or about October 4, 1928, he was in the employ of the defendant as a salesman; that he knew the plaintiff was a customer of the defendant; that on or about the above date the plaintiff ordered from him six turkeys at the plaintiff's place of business in Amherst; that he knew they were for a Mrs. Hawkins, who kept a boarding house and catered to students, and he gave the order to the defendant, and he knew that the turkeys were delivered; that on his next trip to Amherst, on the Monday following the Saturday on which the turkeys were delivered, he had a talk with the plaintiff who told him that he had one turkey left over, and that Mrs. Hawkins said the turkeys were "off condition." This witness further testified that he had never been instructed by his superiors in the defendant company as to what he could do, or what the company would do with reference to guaranteeing its products. The plaintiff testified that when he gave the order he asked

Zytkiewicz if he could get good, sound turkeys for Mrs. Hawkins's Sunday dinner, and the reply was, "Yes, I can get you good turkeys . . . I can get you good and I guarantee they be good, sound turkeys." The plaintiff further testified that, on the Monday following the Saturday he delivered the turkeys, Mrs. Hawkins told him the turkeys poisoned the people who ate them. A letter dated May 6, 1930, written by the plaintiff's attorney to the defendant notifying it that this plaintiff was sued by Mrs. Hawkins on the ground that poisonous turkeys had been sold her and that the H. L. Handy Company would be charged with any expenses and costs the plaintiff was put to resulting from that suit was offered in evidence. The files in the clerk's office of the Superior Court for Hampshire County were in evidence showing that in an action of Mrs. Hawkins against the present plaintiff execution had issued for $2,639.74. See *Hawkins* v. *Jamrog*, 277 Mass. 540. It is agreed by the parties that if the plaintiff is entitled to recover the damages should be $3,890. At the close of the plaintiff's case the defendant rested and presented a motion for a directed verdict in its favor, which was denied subject to the defendant's exception. The defendant on being asked to specify the grounds entitling it to a directed verdict stated (1) that no notice was given as required by G. L. (Ter. Ed.) c. 106, § 38, and (2) that the plaintiff knew or ought to have known whether the turkeys were unsound or bad. The case was submitted to the jury under full and appropriate instructions, and a verdict was returned for the plaintiff in the agreed amount.

The evidence warranted a finding of both an express and an implied warranty that the turkeys were fit for the use made of them. G. L. (Ter. Ed.) c. 106, § 17 (1). *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167. The only question argued by the defendant relates to the notice required by G. L. (Ter. Ed.) c. 106, § 38. The statute provides in part as follows: "But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such

breach, the seller shall not be liable therefor." The plain-
tiff contends that the sufficiency of notice is not open to
the defendant on the pleadings and that it is an affirmative
defence which must be pleaded. This contention is un-
sound. The burden of proof was not upon the defendant;
it rested on the plaintiff. In *Idzykowski* v. *Jordan Marsh Co.*
279 Mass. 163, the plaintiff sued for a breach of warranty
of fitness in the sale of a shoe cleaning fluid. It was said
in that case, at page 167, that the verdict was rightly
entered for the defendant "because the plaintiff failed to
prove that she gave proper and sufficient notice of the
breach of warranty within a reasonable time after she knew
or ought to have known of such breach." Although in
that case the defendant did plead in defence lack of proper
notice of the breach, yet it was held that the burden was
on the plaintiff to prove that proper notice was given. The
case at bar cannot be reconciled with the theory that failure
to give proper notice was a waiver of the breach, which
would have to be both pleaded and proved by the de-
fendant. It follows that the defence of insufficiency of
notice was open to the defendant under a general denial.

We are of opinion, however, that there was no error in
the action of the trial judge. It could not have been ruled
that the notice to the defendant was insufficient. The
notice required by the statute must refer to particular
sales, must fairly advise the seller of the alleged defect,
and specify with reasonable particularity in what the breach
consists. It need not necessarily take the form of an express
claim for damages or threat of such, but it is sufficient if it
is reasonably inferable therefrom that the buyer is assert-
ing a violation of his legal rights. *Nashua River Paper Co.*
v. *Lindsay,* 249 Mass. 365, 370. *Idzykowski* v. *Jordan
Marsh Co.* 279 Mass. 163, 167. It could properly have been
found that the notice given the defendant's salesman by
the plaintiff wherein he recited the conversation he had with
Mrs. Hawkins fulfilled the requirements of the statute.
It is plain that it referred to the sale of the turkeys to the
plaintiff the previous week. The complaint that the tur-
keys were "off condition" could rightly have been found

to have given the defendant reasonable notice that they were not fit for consumption. It could have been found as a reasonable inference that the plaintiff was asserting a violation of his legal rights and was not engaging in merely trivial conversation with the defendant's salesman when persons had been poisoned by eating unwholesome turkeys which had been sold to the plaintiff by the defendant. Although the plaintiff did not assert that the turkeys were bad and unfit for human consumption, but merely recited the complaint of Mrs. Hawkins, the reasonable inference to be drawn was that if the plaintiff should be subject to liability to Mrs. Hawkins he would hold the defendant liable to him. As the plaintiff could not have had personal knowledge that the turkeys were off condition all he could do was to impart to the defendant the complaint he had received. The case of *Idzykowski* v. *Jordan Marsh Co.* is plainly distinguishable in its facts from the case at bar. In that case the plaintiff asserted no violation of her legal rights, but her sister merely told the defendant's salesgirl "about the cleanser, how it injured . . . [the plaintiff's] hands, so other people would be careful, could be careful . . . ." In the case at bar the notice was unqualified, and if it had any purpose whatever, it must have been to assert the violation of legal rights which in the future might result in a claim against the plaintiff for damages. Although the notice was in the form of a complaint it could be found to have been sufficient. A complaint might have been found a sufficient notice of breach of warranty. *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 210; *S. C.* 249 Mass. 365, 370, 372.

The only remaining question is whether the defendant's salesman could be found to have been authorized to receive notice of the breach of warranty. We are of opinion that the jury were justified upon the evidence in so finding. "It is the general rule, settled by an unbroken current of authority, that notice to, or knowledge of, an agent while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal." Mechem on Agency (2d ed.)

§ 1803. Generally notice to an agent, while acting for his principal, of facts affecting the character of the transaction is constructive notice to the principal. *Allen* v. *South Boston Railroad,* 150 Mass. 200, 206. In the present case the defendant's salesman was in the plaintiff's store on the business of his employer and had negotiated the sale of the turkeys, and it may be inferred that it was a part of his duty as salesman to satisfy the customers of his employer. Those who bought goods from the defendant through its salesman might reasonably infer that complaints respecting such goods might properly be made to him. The case is distinguishable from *Clark* v. *Murphy*, 164 Mass. 490, and similar cases, where it is held that an agent who merely solicits orders has no implied authority to receive payment for the goods.

As the defendant's motion for a directed verdict was rightly refused, the entry must be

*Exceptions overruled.*