MILDRED A. SMITH *vs.* DENHOLM AND McKAY COMPANY.

Worcester.     September 24, 1934. — October 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Sale,* Warranty. *Notice. Practice, Civil,* Amendment, Exceptions. *Pleading, Civil,* Declaration. *Agency,* Scope of authority.

In an action of contract for breach of warranty, a count of the declaration setting forth injury to the plaintiff with respect to three separate and unconnected sales, made at different times, of a certain preparation for the removal of hair, was improper under G. L. (Ter. Ed.) c. 231, § 7, Fourth, in that it embraced several causes of action arising under different contracts.

While ordinarily a contention, that a declaration in contract is objectionable in that it embraces more than one cause of action arising under different contracts, must be raised by demurrer, that contention, with respect to one of the counts of an amended declaration, was open to the defendant in this court upon his exception to the

allowance of the motion to amend whereby the plaintiff sought to add that count to the declaration.

An express warranty, made orally by a saleswoman in a store when selling an article to a customer, was binding on the proprietor of the store if, although the saleswoman had been instructed not to warrant goods sold by her and had no actual authority to do so, she had apparent authority to do so and the customer had no knowledge of the proprietor's instructions.

Where a saleswoman in a store suggested to a woman customer in July that she buy a certain preparation, which had a trade name, for the removal of hair, and stated to the customer that it was "safe and harmless to use," whereupon the customer purchased a jar of the preparation; and in November and again in January the customer purchased additional jars of the preparation from the store, but not through the saleswoman and without any affirmations of fact concerning the preparation being made to her, the express warranty so made by the saleswoman was confined to the sale in July and did not extend nor attach to the sales in November and January.

In an action for breach of a warranty that a certain preparation for the removal of hair, purchased by the plaintiff, a woman, of the defendant, was "safe and harmless to use," a finding was warranted that a letter, seasonably sent by the plaintiff's attorney to the defendant and stating that the plaintiff had "become ill and suffered severe injury . . . and is now confined to" a hospital as a result of her applying the preparation "according to directions," and that the attorney had been instructed to commence an action "in the matter" and was "doing so this day," but would be "pleased to confer with" the defendant or his representative about the matter, was sufficient notice of the breach of warranty under G. L. (Ter. Ed.) c. 106, § 38.

Where one purchased, under its trade name, a jar of a certain preparation for the removal of hair and there was nothing to show that a warranty as to the quality or fitness of the preparation for any particular purpose was annexed by the usage of trade, no such warranty was to be implied.

At the trial of an action for injury to a woman resulting from her use of a certain preparation for the removal of hair, which the defendant had sold to her and had warranted to be "safe and harmless to use," there was evidence that samples of the preparation contained a varying content of thallium running from two and eighty-seven hundredths per cent to ten and eleven hundredths per cent, that thallium was a dangerous poison, and that one per cent thereof might cause injury. The defendant introduced evidence that use for a time of a preparation containing between five and ten per cent of thallium might affect the system of a normal person but not to the extent found in the plaintiff, the effect of such use in her case being accentuated because her endocrine glands were abnormal. *Held*, that there was no merit in a contention by the defendant that the plaintiff could not recover in that her injury was due to or enhanced by the fact that she "was susceptible to thallium because of abnormal endocrine glands."

CONTRACT OR TORT. Writ dated March 18, 1931.

Count 1 of the plaintiff's substitute declaration pertained to a purchase of the "Koremlu" cream in question by the plaintiff on July 11, 1930, in reliance on the saleswoman's recommendations on July 5 and July 11, 1930; count 2 pertained to a purchase on November 19, 1930, in reliance upon said recommendations; count 3 pertained to a purchase on January 31, 1931, in reliance upon said recommendations; and count 4 pertained to purchases on July 11, 1930, November 19, 1930, and January 31, 1931, in reliance upon said recommendations.

The action was heard in the Superior Court by *W. A. Burns,* J., without a jury. Material evidence is stated in the opinion. The defendant filed, and the judge denied, a motion that a general finding for the defendant be entered, and also motions that a finding be entered for the defendant on each of counts 1, 2, 3, and 4. There was a general finding for the plaintiff in the sum of $8,500. The defendant alleged exceptions.

*A. S. Houghton,* for the defendant.

*W. E. Cunningham,* for the plaintiff.

PIERCE, J. This is an action of contract or tort, brought to recover damages for injuries arising from the use of a proprietary article called "Koremlu," manufactured by a corporation other than the defendant company, which the plaintiff purchased in the defendant's store in Worcester. The plaintiff's original declaration was in two counts, one in contract and one in tort. The judge allowed a motion by the plaintiff to amend the declaration by filing a substituted declaration consisting of four counts in contract and one count, the fifth, in tort. The defendant saved exceptions to the allowance of the plaintiff's motion to amend the declaration in so far as it concerned the fourth count, on the ground that this count set out more than one cause of action which arose on different contracts. G. L. (Ter. Ed.) c. 231, § 7, Fourth. The trial proceeded on the five counts of the amended declaration. At the close of the plaintiff's evidence she elected to rely on the contract counts and waived the fifth count in tort. It is agreed that the

pleadings, the judge's "Findings of Fact," and Exhibits "2" and "9" (to which there is reference in the "Findings of Fact") may be referred to and made part of the bill of exceptions.

Exhibit "2" is a folded printed circular, which on the outside page bears the following legend: "Koremlu Method Trade Mark registered in U. S. and Canada Guaranteed to Devitalize Superfluous Hair ROOTS on Face or Any Part of Body. KOREMLU, INC. 11 West 42nd Street, N. Y. C." The inside pages of this circular contain a laudatory advertisement of "Koremlu Cream" with directions for its use. Exhibit "9" is a letter purporting to be notice of a breach of express warranty, given the defendant in compliance with G. L. (Ter. Ed.) c. 106, § 38. It reads as follows: "March 18, 1931 Denholm & McKay Company, Main Street, Worcester, Mass. Gentlemen: I represent Miss Mildred A. Smith, who, on or about October 1930 purchased at your store some Koremlu cream which she applied according to directions and as a result thereof she has become ill and suffered severe injury about her head, and body and is now confined to the Massachusetts General Hospital of Boston. I have been instructed to commence suit in the matter and am doing so this day, but shall be pleased to confer with you or your representative at your convenience relative to the question of liability and damage. Very truly yours, [signed] JOHN J. HAYES WILLIAM E. CUNNINGHAM." The defendant's answer to that part of the amended declaration upon which the plaintiff elected to rely is a general denial and a charge of failure on the part of the plaintiff to give the defendant notice of the alleged breaches of warranty as required by G. L. (Ter. Ed.) c. 106, § 38. It is stated that the bill of exceptions contains "All the evidence necessary to pass upon the matters raised by the exceptions."

The case was heard by a judge in the Superior Court without a jury. At the conclusion of the evidence he denied the defendant's motions for a finding for the defendant on counts one, two, three and four. He made a general finding for the plaintiff on the contract counts and assessed damages at $8,500. The case comes before this court on the excep-

tions of the defendant to the refusal of the judge to grant its motions, to his refusal to reject certain evidence and to give requested rulings of law, and to the "filing of a general finding."

The plaintiff testified, and the judge found, as follows: The plaintiff is a teacher in the public schools. On July 5, 1930, she purchased at the defendant's store a jar of "Zip," which is a preparation applied externally for the removal of hair. The saleswoman at that time suggested to the plaintiff that she buy a jar of "Koremlu Cream," stating "it was less painful, safe and harmless to use," and gave her a circular (Exhibit 2). On July 11, 1930, the plaintiff returned to the defendant's store and the same saleswoman made substantially the same statement to her as she had made on July 5, 1930. There is no evidence that on July 11, 1930, a similar circular was given to the plaintiff or that there was one to give her. Following the statements thus made, the plaintiff then purchased a jar of "Koremlu Cream," paying therefor. She began to use the cream the last of September, 1930, applying it to her face according to directions. On November 19, 1930, she bought of the defendant a second $10 jar of "Koremlu Cream" through a friend, who had it charged to the plaintiff's account at her direction. On January 31, 1931, she purchased of the defendant a third $10 jar of "Koremlu Cream," ordering it by mail. At the time of the second and third purchases no affirmations of fact or promises were made by any agent or servant of the defendant.

The plaintiff became ill the last of November, 1930, gave up her work at Christmas time, and was totally incapacitated until September, 1931. After the last of November, 1930, she grew steadily worse, consulting several doctors in the meantime, and on February 11, 1931, was admitted to a hospital in Boston where she remained until May 13, 1931. At the hospital her trouble was diagnosed as peripheral neuritis from thallium poisoning. An analysis of five jars of "Koremlu Cream" showed a varying content of thallium acetate running from two and eighty-seven hundredths per cent to ten and eleven

hundredths per cent, the highest content being found in the jar purchased by the plaintiff on January 31, 1931. The evidence warranted a finding that thallium is a dangerous poison, that one per cent may cause injury, and that "it attacks the motor fibre of the nerve causing a 'selective type of paralysis.'" There was evidence offered by medical experts for the defendant that the use of a three-ounce jar of the cream containing between five and ten per cent of thallium every two or three months or so until three jars were used might affect the system of a normal person but not to the extent found in the plaintiff, the effect in her case being accentuated because of abnormal endocrine glands. The plaintiff first knew that "Koremlu Cream" caused her condition on February 26, 1931, while she was in the hospital. She got in touch with her attorneys with the result that the notice (Exhibit 9, *supra*) was sent on March 18, 1931, and received by the defendant on March 19, 1931. The judge found and ruled that "the defendant's saleswoman made affirmations of fact amounting to an express warranty and that plaintiff was induced to buy because of same"; that the "defendant's saleswoman had been instructed not to warrant goods sold by them"; and that "the notice given defendant by plaintiff's attorneys on March 18, 1931 (Exhibit 9), though inaccurate as to date of purchase, is a sufficient notice and given within a reasonable time under the existing conditions or circumstances."

The issues argued by the defendant are, in brief: (1) The refusal of the judge to exclude count four; (2) the exception to the admission of the acts and words of the salesgirl as the basis of a warranty of the "Koremlu Cream" sold by the defendant to the plaintiff on dates subsequent; (3) that no sufficient notice of breach of warranty was given it; (4) that the defendant was not bound by the statements of its agents; (5) that the plaintiff could not recover on a breach of warranty if the injury occurred through the abnormalities of the plaintiff which were unknown to the defendant; and (6) that there was no warranty express or implied in connection with the sales in November, 1930, and in January, 1931.

The defendant's exception to the allowance of the motion to amend the declaration, so far as the fourth count was concerned, must be sustained. The causes of action therein stated arose on different contracts and the count therefore violated the last provision of G. L. (Ter. Ed.) c. 231, § 7, Fourth. Ordinarily, such an objection as was assigned against the allowance of the motion with respect to the fourth count could be taken only by demurrer, *Downs v. Hawley*, 112 Mass. 237, 241, but we see no reason why an objection which would be good when assigned on demurrer should not be open to a defendant at a hearing on a motion to add a count to a declaration. In the case at bar three independent causes of action set out severally in counts one, two and three are linked together in count four. It follows that count four should be disregarded in the consideration of the rights of the plaintiff and defendant in this action.

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if he purchases the goods relying thereon." G. L. (Ter. Ed.) c. 106, § 14. The words of the saleswoman of the defendant, uttered on July 5, 1930, and restated on July 11, 1930, were admissible in evidence if the plaintiff was without knowledge that the defendant had instructed its saleswomen not to warrant goods sold by it and the saleswoman had apparent authority to sell the goods sold on July 11, 1930. Here the judge found the saleswoman "had apparent authority but no express authority" to make the "affirmations of fact amounting to an express warranty." There is no evidence to control this specific finding of fact; consequently it must stand.

The affirmation of fact which attached as an express warranty collaterally to the sale on July 11, 1930, could not be held to extend to cover subsequent sales of the same kind of goods by other salesmen who made no affirmation of like facts, for the reason that an implied power to warrant a single sale was exhausted when that sale was made on July 11, 1930. An affirmation of fact which is by

statute made an express warranty cannot be held to extend to cover subsequent sales which were supported by valid consideration independent of the consideration which supported the first sale, and were made by salesmen who did not participate in the original sale and were without authority in fact to make any affirmation of fact by way of warranty. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445, is distinguishable from the case at bar and, as found by the court, is an action where the parties contemplated continuing sales arising out of the original contract. It follows in the case at bar that the express warranty of July 11, 1930, is to be confined to the sale of "Koremlu Cream" on that day, and that the judge erred in refusing to rule in substance that the warranty of July 11, 1930, did not extend to cover the sales of like cream on November 19, 1930, and January 31, 1931.

The contention of the defendant that no sufficient notice of breach of warranty was given the defendant as provided in G. L. (Ter. Ed.) c. 106, § 38, is unsound. The statute referred to reads: ". . . But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." The defendant does not contend in its brief that the notice was not seasonably given, but contends that the notice (Exhibit 9) was not sufficient in substance. The defendant relies upon the cases of *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167, *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 370, and *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198. In the case at bar the trial judge found that the notice "is a sufficient notice and given within a reasonable time under the existing conditions or circumstances." The finding that the notice was given within a reasonable time was clearly a finding of fact. The finding and ruling that it was sufficient was a mixed question of law and fact. The judge was not bound to instruct himself that the notice was insufficient as matter of law, and he could reasonably find that the plaintiff was asserting a violation

of her legal right.  It is to be noted that the defendant rested its case upon the letter of the law, making no claim that it was prejudiced in any way by the absence of greater or more precise statements of the plaintiff's grievances in the letter above quoted.

The sales on July 11, November 19 and January 31 were several disconnected, independent sales of a specific article under a trade name.  There was no implied warranty as to its fitness for any particular purpose, and there is no evidence that an implied warranty or condition as to quality or fitness for the purpose for which it was sold was annexed by the usage of the trade.  G. L. (Ter. Ed.) c. 106, § 17, (4), (5).  It follows that the last two sales carried no express warranty and no implied warranty of fitness of the cream for the purpose for which it was sold.

There is no evidence reported which would support a finding that the cream sold in November and January was not merchantable.  There is, therefore, no room for a contention that the second and third counts can rest on an implied warranty of merchantability.

We find nothing to support the defendant's contention that there can be no recovery on the first count because the injury to the plaintiff was due to or enhanced by the fact that the plaintiff "was susceptible to thallium because of abnormal endocrine glands," in view of the evidence for the defendant that the use of the jar of cream in the way the plaintiff was directed to use it might affect the system of a normal person, but not to the extent found in the plaintiff.

In the circumstances of this case the general finding of the judge cannot be affirmed.  The exceptions of the defendant to the refusal to find for the defendant upon the second and third counts must be sustained, and a new trial had upon the first count in the matter of damages only.

*So ordered.*