Hibbard, P. J.
This is an action of contract or tort in which the plaintiff seeks to recover for pain and suffering alleged to have resulted from the presence of a piece of glass in a sandwich purchased by him of the defendants at their lunch room. Count 2 upon which the plaintiff ultimately relied sounded in contract. To this count the defendants filed an answer of general denial with a plea of contributory negligence.
According to the report there was evidence tending to show that on July 6,1935, at about 8 P. M. the plaintiff ordered a ham sandwich and a cup of coffee at the Park Lunch which wé infer was conducted by the defendants. This sandwich was prepared for and accepted by him. The plaintiff thought he detected gristle when biting the sandwich for the second time. On the third time he bit into a piece of glass one-half inch in width and three-fourths of an inch in length causing his tongue to bleed and to be sore for about a half hour. The next morning his tongue was swollen somewhat, necessitating a visit to a physician. The plaintiff did not know the names of those who owned the Park Lunch at the time he procured the sandwich but after biting into the piece of gla,ss he said to a man behind the counter “What are you trying to do, kill the people” and threw down the sandwich. This constituted the only evidence as to who the man was behind the counter, but it further appeared that one of the partners and no one else was on duty every day from 4 P. M. to midnight, including the night of July 6,1935. The sandwich was paid for.
At the close of the trial and before the final arguments, the defendants made several requests for rulings of which *98 the following only became material as a result of the plaintiff’s waiver of Count 1 of the declaration.
“2. On all the evidence, the plaintiff cannot recover on Count 2 of the declaration, because
(a) There is no evidence that the plaintiff gave notice to the defendants or either of them under Gf. L. Chap. 106, §38.
(b) There is no evidence that the defendants warranted the food to the plaintiff.
(e) The plaintiff did not rely upon the judgment of the defendants or either of them in ordering this food, or that the plaintiff expressly or impliedly indicated to the defendants or either of them that he so relied.
(d) There is a variance between pleading and proof.
(e) There is no evidence of ownership by defendants.
3. The burden of proof is on the plaintiff to establish that he gave the notice required by G. L. Chapter 106, §38, that there was a breach of warranty under count 2 of the declaration.
5. If the plaintiff ordered the sandwich himself without any assistance or suggestion from the defendants or either of them, he cannot recover, as he would be relying on his own judgment.”
The Trial Court made the following finding:
“The Court finds for the plaintiff and assesses damages in the sum of $53. Defendant’s request No. 1 waived in open court as count No. 1 was waived by plaintiff. Defendant’s Bequests Nos. 2, 3 and 5 severally denied. No. 4 granted. The Court finds for the defendant on the first count, by consent.”
The defendants claiming to be aggrieved by the refusal to rule as requested claimed a report.
. Bequests numbered 2 and 3 in reality raise the two narrow issues. In inverse order they are that the burden of proof is on the plaintiff to establish the giving of the notice required by G. L. eh. 106, §38, and that the plaintiff gave no notice or an insufficient one.
*99 First it should be stated that the Court properly denied the fifth requested ruling as being immaterial. The next important matter for consideration is as to whether the plaintiff gave the notice required as aforesaid. G. L. (Ter. Ed.) chap. 106, §38 requires that the plaintiff give notice to the defendant of breach of warranty within a reasonable time after he knew of such breach and otherwise absolve the defendant from any liability.
The subject matter of a proper notice has been fully and adequately treated in the cases of Nashua River Paper Company vs. Lindsay, 249 Mass. 365. Idzykowski vs. Jordan Marsh Company, 279 Mass. 163. Jamrog vs. H. L. Handy Co., 284 Mass. 195. The opinion in this last named case affirms statements made in the previous actions.
“The notice required by the statute must refer to particular sales, must fairly advise the seller of the alleged defect and specify with reasonable particularity in what the breach consists. It need not necessarily take the form of an express claim for damages or threat of such but it is sufficient if it is reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.”
The word “notice” carries with it an implication of information. Unless the phraseology of a notice carries by direct word or reasonable inference the required information there is no compliance with the statutory requirement. A study of the decisions in this Commonwealth indicates that the facts in the case of Idzykowski vs. Jordan Marsh Company, supra, are the nearest in point of identity to those in the instant action. In that case the plaintiff asserted no violation of her legal rights but her sister simply told the defendant’s salesgirl “about the cleanser, how it injured (the plaintiff’s) hands, so other people could be careful.” In the instant ease the plaintiff simply uttered an exclamation which might be expressive of disgust or disappointment *100 as to any of the elements involved in the preparation, purchase or consumption of the sandwich. There was no direct assertion of a violation of a legal right nor anything to imply an intention to assert such a right in the future. The plaintiff according to his own testimony made the one statement “What are you trying to do — kill the people?” and then threw down the sandwich. He made no statement as to the presence of the foreign substance or of the injury it had then done to him, and after making the remark left the place of business of the defendants.
In our opinion his actions, the words used and any reasonable inferences which could be drawn therefrom taken separately or together did not constitute a compliance with the statutory provision for notice.
The Trial Court was therefore in error in denying so much of the second requested ruling as was applicable thereto.
In view of this fact we find it' unnecessary to decide whether the third requested ruling should have been given or not. A study of the cases above cited tends to indicate that the defendant was entitled to have the same given.
The case having been fully tried, the order must be “Finding for the plaintiff vacated. Judgment for the. defendant.”