Wilson, J.
This is an action of tort or contract for the recovery of damages for personal injuries caused by eating food which contained a foreign substance. The answer was a general denial and contributory negligence.
At the trial there was evidence tending to show that the plaintiff entered the restaurant of the defendant and ordered bran biscuits, two pieces of butter and a cup of coffee. *353 This food was purchased by the plaintiff to be eaten by herself on the premises. When served, the plaintiff retired to a table and started to consume the food. She buttered and ate one of the biscuits. She then buttered the corner of another biscuit and, in biting into it, her teeth came in contact with what proved to be a nail about an inch in length. One of the plaintiff’s teeth was broken off. The plaintiff returned to the counter man who served her the food and showed him the piece of broken tooth, the chewed biscuit and the nail. Evidence of the conversation between the counter man and the plaintiff was excluded upon objection by the defendant. The counter man took the broken tooth, biscuit and nail to the manager of the restaurant who kept them. The manager called up his superior on the telephone and reported the occurrence. Evidence of the conversation between the plaintiff and the manager and the manager and his superior was excluded upon objection by. the defendant.
. The plaintiff presented no requests for rulings but the defendant seasonably presented seven such requests.
The trial court denied requests numbered 1 and 2; denied requests numbered 3, 4 and 5 “as immaterial under my finding that there was no negligence on the part of the defendant and my ruling that neither knowledge of unfitness nor negligence is required in an action on an implied warranty.”
No claim that the trial court erred in his dealing with requests numbered 3, 4 and 5 was argued by the defendant before us nor is such claim referred to in the brief filed in its behalf. We, therefore, consider any claim of error in relation thereto as waived.
The trial court allowed request numbered 6 and denied request numbered 7 as “inapplicable because of my finding referred to.”
*354 Bequests now material are as follows:
1. The plaintiff is not entitled to recover under Count I of her declaration for the reason that she has not complied with the provisions of Gr. L. Ch. 106, §38.
2. The notice, if any, furnished by the plaintiff to the defendant is not sufficient notice of a breach of contract to entitle the plaintiff to recover under Count I of her declaration.
7. To recover under Count I of her declaration, the plaintiff must prove by a fair preponderance of evidence that she gave a notice to the defendant in compliance with the provisions of Gr. L. Ch. 106, §38.
The trial court made certain Findings and Bulings which, so far as now material, are as follows:
“The nail broke off one of the plaintiff’s teeth while she was chewing the biscuit. It was not contended that the defendant did not know that the plaintiff purchased the biscuit to be eaten then and there. Nor did the defendant offer any evidence to refute the plaintiff’s testimony as to the presence of the nail in the biscuit and the breaking of the plaintiff’s tooth. On the contrary, the defendant relied entirely upon an alleged failure of the plaintiff to give the defendant notice of the breach of warranty within a reasonable time after she knew of such breach, under Section 38 of Chapter 106 of the General Laws. . . .
“After her tooth was broken, the plaintiff took it and the chewed biscuit containing the nail to the defendant’s counterman and talked with him. The counterman took them to the manager of the restaurant, who kept them and also talked with the plaintiff and called up his superior on the telephone and reported the occurrence.
“I find that there was an implied warranty of the fitness of the biscuit for human food; that the plaintiff made known to the defendant her intention to eat the biscuit then and there; and relied upon the defendant’s skill within the meaning of Section 17 of said Chapter 106.
“I find that if notice was necessary under Section 38 of said Chapter 106 it was given within a reasonable time aft *355 er the plaintiff knew or ought to have known of the breach of the implied warranty, to wit, then and there.
“I find, however, if material, that no written notice of such breach was given or notice of any kind other than as hereinbefore set forth. I am inclined to rule, however, that said Section 38 does not relate to the sale of food for immediate human consumption. (See Kennedy v. F. W. Woolworth Company, 205 App. Div. (N. Y.) 648.)”
The court found no negligence to warrant a finding for the plaintiff on the count in tort and found for the plaintiff in the count on contract, and ruled “But neither knowledge of unfitness, nor negligence, on the part of the seller, is required in an action on an implied warranty of fitness.”
We are at a loss to understand why the conversation which took place when the plaintiff talked with the counter man and the manager of the store, at least so much of it as constituted a complaint by the plaintiff, was excluded. It was made to the person from whom she purchased the food and the manager in charge of the defendant’s store. Jamrog v. H. L. Handy Co., 284 Mass. 195, 198.
It is unnecessary to our decision of the case at bar that we determine whether or not the provisions of Gr. L. Ch. 106, §38, regarding notice relate to a transaction involving the delivery of food in a public eating place to be consumed upon the premises. That point has not been decided in this Commonwealth and whether the transaction is a sale of goods to which the statute applies, or a contract for service to which it does not apply. See Friend v. Childs Dining Hall Co., 231 Mass. 65, 71, 73, 75, and compare Smith v. Gerrish, 256 Mass. 183,186. See also Stanfield v. F. W. Woolworth Company, 143 Kan. 117. However, in Kennedy v. F. W. Woolworth Company, 205 App. Div. (N. Y.) 648, the court in deciding that point said:
“The notice there prescribed as necessary has no relation to goods for immediate human consumption. The reason for the rule has no relevant application to the *356 circumstances of such a case. That section apparently has to do with sales of goods whose inspection or use. discloses a defect of quality, lack of conformance to sample, failure to comply with description, or other cognate circumstance which causes money damage to the vendee.”
The purpose of the requirement of notice is to protect the seller from belated claims for damages. Idzykowski v. Jordan Marsh Co., 279 Mass. 163.
In the instant ease the trial court found that notice “was given within a reasonable time after the plaintiff knew or ought to have known of the breach of the implied warranty, to wit, then and there. ”
That finding must stand if warranted upon any view of the evidence. Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 369. Moss v. Old Colony Trust Company, 246 Mass. 139, 143. Graustein v. H. P. Hood & Sons Co., Mass. Adv. Sh. (1936) 319, 327.
In American Steam Gauge &c. Co. v. Mechanics &c. Co., 214 Mass. 299, 301, Rugg, C. J., discussing reasonable time says:
“Seasonable time is not an inflexible term. It depends commonly upon the circumstances of each case. When the facts are undisputed, it is a question of law. But when the salient facts are in controversy and depend in part upon inferences to be drawn by sound judgment, then it is a fact to be determined by the practical sense of a jury.”
The complaint to the employees of the defendant in the, instant case was “then and there” and as matter of fact and law must be said to have been within a reasonable time.
It remains to determine whether the notice to the defend¿nt was sufficient.
The trial court by refusing to rule the notice insufficient must be deemed to have found that it was sufficient as a matter of fact and law. Smith v. Denholm & McKay Co., 288 Mass. 234, 241.
*357 . It was said in Nashua River Pápér Co. v. Lindsay, 242 Mass. 206, 210, .that complaints as to quality might have been found a sufficient notice of breach of warranty. And in the same case, 249 Mass. 365, 369, regarding the notice required by the statute, the court said:
“The statute does not attempt to define the ldnd of ‘notice’ that must be given within a reasonable time, in order to hold the seller liable.”
And in tire same case, at page 370,
“Without attempting to lay down a general rule of construction as to the substance of the notice of the breach of warranty which the buyer must give, after the acceptance of the goods, in order to hold seller liable, it seems clear that it must refer to particular sales, it must at least fairly advise the seller of the alleged defect, and it must be such as to repel the inference of waiver. Although it need not necessarily take the form of an express claim for damages or threat of such, it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.”
And in Jamrog v. H. L. Handy Co., 284 Mass. 195,198, this definition was again stated in substantially the same language.
It seems, therefore, that no definite form of notice is required. It is sufficient if it brings home to the seller the buyer’s claim of breach of warranty. It does not seem to be necessary that the notice be. in writing or by direct word. It may be as here a reasonable inference from the actions of the plaintiff and the employees of the defendant. Their actions are susceptible of only one inference, namely, that the plaintiff was vigorously complaining of a definite breach of the implied warranty of the defendant that the biscuit was fit for food and the defendant so understood her action and preserved the evidence and “reported the occurrence to his superior.”
As in Jamrog v. H. L. Handy Co., supra, at page 199, if the complaint “had any purpose whatsoever it must have *358 been to assert the violation of legal rights which in the future might result in a claim for damages . . . Although the notice was in the form of a complaint it could be found to be sufficient notice of a breach of warranty.”
It was so found by the trial court in the case at bar.
In the case of Idzykowski v. Jordan Marsh Co., 279 Mass. 163, relied on by the defendant, the notice or complaint by its very terms indicated that the plaintiff was not asserting any claim of violation of her legal rights but rather was waiving any claim for the violation thereof.
The rulings of the trial court were correct and no prejudicial error appearing the report is dismissed.