Wilson, J.
This was an action of contract in which the plaintiff seeks to recover a balance of $119.25 for: 470 bunches of trees sold by the plaintiff to the defendant. The answer is a general denial, a plea of payment, and a further answer alleging a breach of warranty for which the defendant seeks to recoup.
There was evidence tending to show that the defendant ordered 500 bunches of trees and received from the plaintiff 470 bunches to be sold as Christmas trees, at a price not now in dispute. The first truck load came December 7 or 8 and went direct to a florist customer of the defendant. *433 Quite a lot were in poor condition; none were properly trimmed; there were dead limbs; some broken at the top; some were salable after trimming and repairing. The defendant immediately wrote the plaintiff and told him about the condition of the trees and not to send trees unless they were marketable. He also telephoned him to the same effect. The second, third and fourth loads were many of them unmarketable as Christmas trees. The plaintiff came down with the third and fourth loads and the defendant pointed out to him the condition of the trees and told the plaintiff he would do the best he could to get rid of them. The defendant was obliged to do a great deal of work in trimming and shaping before the trees could be sold.
The plaintiff seasonably presented the following requests for rulings:
“1. On all the evidence the plaintiff is entitled to recover from the defendant for 470 bunches of trees at 75$ per bunch, less the trucking charge of 50$ per bunch, less the payment of $50 made by the defendant for the reasons that:
a. There was a sale and a delivery by the plaintiff to the defendant of said number of bunches of trees, to wit, 470 bunches.
b. That the said price of 75$ per bunch less the trucking charge of 50$ per bunch was the price agreed upon between the parties.
c. That the defendant had failed to notify the plaintiff within a reasonable time of any breach of warranty and that he intended holding the plaintiff liable for any loss or damage he had sustained by reason of such breach.
2. The plaintiff is entitled to recover on the basis of the price of 75$ per bunch of trees less the trucking charge of 50$ per bunch for as many bunches of trees the plaintiff sold and delivered to the defendant; the defense of breach of warranty not being a bar to the plaintiff’s right to recover.
3. The defendant as a matter of law is not entitled to recoup, any damage or loss he may have sustained *434 by reason'of any breach of warranty of which the plaintiff may have been guilty.
_ 4. The burden of proof is on the defendant to establish that if there was a breach of warrant, of which breach the defendant was guilty, that he notified the plaintiff thereof within a reasonable time and too, that he intended to hold the plaintiff liable for any loss or damage he sustained by reason thereof.
5. Where a vendee seeks to recoup for any loss or damage he sustained in an action brought against him by the vendor for the sale and delivery of merchandise in connection with which there was' a breach of warranty, of which the vendor was guilty, the vendee has not only the burden of establishing that he notified the vendor within a reasonable time of such breach, but that in addition thereto notified the vendor within such reasonable time that he intended holding him liable for any damage or loss he sustained by reason of such breach.
6. As a matter of law the defendant introduced no evidence, which would warrant the Court in finding that the defendant notified the plaintiff within a reasonable time that he intended holding the plaintiff liable for any loss or damage he had sustained by reason of any breach of warranty in connection with the sale and delivery of the trees which is the subject matter of this suit.
7. In order for the defendant to bar the plaintiff from recovery, he must establish that not only was there a warranty, but that there was a breach thereof; that he notified the plaintiff within a reasonable time of such breach and that he intended holding him liable for any damage or loss he sustained by reason of such breach and that the damage or loss he sustained equals or exceeds the amount which the plaintiff seeks to recover.
8. If the Court finds, the loss or damage sustained by the defendant by reason of the breach of warranty does not equal or exceed the amount the plaintiff seeks to recover, then the plaintiff is entitled to recover in that amount as being the difference between the amount sought to be recovered and the defendant’s loss or damage.”
*435 The court refused to give request #1, gave #l-a but found as a fact that the trees were not of the quality ordered; gave #l-b; refused #l-c, #2 and #3; refused #4 because “I find as a fact that the defendant did notify the plaintiff within a reasonable time of the unmarketable condition of the trees”; refused #5 because “I find as a fact the vendee did notify the vendor within a reasonable time of the breach and that he would hold him liable for the damage”; refused .#6 and #7; and refused #8 because “I find as a fact that the loss sustained by the defendant exceeds the amount due as alleged by the plaintiff.”
The court found for the defendant.
The claims of error urged by the plaintiff all relate to whether notice of breach of the implied warranty was given by the defendant to the plaintiff and whether the notice was sufficient to satisfy the provisions of G. L. (Ter. Ed.) c. 106,
§ 38. It is not claimed by the plaintiff that there was no implied warranty within the provisions of G. L. (Ter. Ed.) c. 106, §17 (1).
The purpose of the requirement of notice is to protect the seller from belated claims for damages. Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 167.
It was said in Nashua River Paper Co. v. Lindsay, 242 Mass. 206, that complaints as to quality might have been found a sufficient notice of breach of warranty. And in the same case, 249 Mass. 365, 369, regarding the notice required by the statute, the court said:
“The statute does not attempt to define the Idnd of ‘notice’ that must be given within a reasonable time in order to hold the seller liable.”
And in the same case, at page 370,
“Without attempting to lay down a general rule of construction as to the substance of the notice of the *436 breach of warranty which the buyer must give, after the acceptance of the goods, in order to hold the seller liable, it seems clear that it must refer to particular sales; it must at least fairly advise the seller of the alleged defects, and it must be such as. to repel the inference of waiver. Although it need not necessarily take the form of an express claim for damages or threat of such, it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.”
This definition has been repeatedly stated in substantially the same language. Jamrog v. H. L. Handy Co., 284 Mass. 195, 196. Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 166.
The trial court in the ease at bar found “as a fact that the vendee did notify the vendor within a reasonable time of the breach and that he would hold him liable for damages.” Whether notice was given was a question of fact, Nashua Paper Co. v. Lindsay, 249 Mass. 365, and whether notice was given within a reasonable time was also a question of fact, Smith v. Denholm & McKay Co., 288 Mass. 234, 241.
In American Steam Gauge &c. Co. v. Mechanics &c. Co., 214 Mass. 299, 301, it was said:
“Reasonable time is not an inflexible term. It depends commonly upon the circumstances of each case. When the facts are undisputed, it is a question of law. But when the salient facts are in controversy and depend in part upon inferences' to be drawn by sound judgment, then it is a fact to be determined by the practical sense of a jury.”
It is clear that the notice in the case at bar was given and that it was given within a reasonable time. It seems to us, also, that it was sufficient to bring home to the seller the claim of the buyer. That was the only reasonable inference to be drawn from the complaints as to quality made by him *437 on more than one occasion. His telling the vendor “he would do the best he could to get rid of them” was susceptible of no other inference than that the vendee would do the best he could to keep the damage down.
The language of the complaints was also reasonably susceptible of no other inference than that drawn by the trial judge. As was said in Jamrog v. Handy, supra, at page 199, if these complaints “had any purpose whatsoever it must have been to assert the violation of legal rights which in the future might result in a claim for damages.” It was sufficient in our opinion to satisfy the provisions of the statute.
In our opinion the findings and inferences of the trial judge were amply justified by the evidence, and so present no question for review.
From what has been said it follows the trial court was correct in the manner in which he dealt with the plaintiff’s requests for rulings.
No error appears and the report is dismissed.