Jones, P. J.
This is an action of contract to recover damages suffered by plaintiff, alleged to be caused by eating fresh pork sold to her by the defendant, which plaintiff claims to have been unfit for human consumption. The case is reported on certain findings of fact and law after a finding for plaintiff in the sum of five thousand dollars.
Plaintiff is an Italian woman unable to speak English who, at the time of trial, had been in this country less than a year. The defendant conducts a market and provision store. It appears undisputed in the evidence that the plaintiff with a Mrs. Porras went in the course of a shopping tour, to the defendant’s store to purchase meat. From the defendant’s salesman, through Mrs. Porras as interpreter, plaintiff bought of the salesman 7 pounds of fresh pork shoulder. All the talk with reference to it was by Mrs. Porras. After the purchase the plaintiff took the fresh shoulder home and ate some of the pork and was thereby made sick.
There was evidence that the aforesaid Mrs. Porras, about four days later after the sale of the pork to the plaintiff, went again to the same market and, in trading with the same clerk, she said to him, “Now, you give me a good piece of meat”. To this the clerk answered “Why”. To this Mrs. Porras answered, “Please give me good meat. Mrs. Arena and Mrs. Silva and I were here Saturday and we bought a shoulder and it wasn’t good. Mrs. Arena is sick from it, and my little girl got sick”. All the clerk said was, “Oh, that’s too bad. I am sorry”.
No further evidence appears. No evidence is given that the plaintiff authorized Mrs. Porras in any form of words to make any complaint to the defendant or to give him any *76 notice that Mrs. Arena had bought meat of him, and it was not good or that she was sick from eating it, and no authorization to Mrs. Porras to make a complaint or any talk in any manner appears in the case. The defendant requested among other requests the court to rule:
2. The plaintiff failed to give reasonable and adequate notice of the breach of warranty to the defendant.
3. The plaintiff failed to give notice of the breach of warranty within a reasonable time.
Both requests were denied because the court found “as a fact that a reasonable and adequate notice within a reasonable time was given by the plaintiff”.
The trial court found that Mrs. Porras went to the defendant’s salesman “at the request of the plaintiff” and “told the clerk that he had sold the plaintiff on Saturday some bad pork and that it had made her sick”, and ruled as a matter of law that this statement by Mrs. Porras to the defendant’s clerk was sufficient notice of the plaintiff’s claim for breach of warranty in the sale of the pork which the plaintiff had against the defendant to satisfy Gf. L. Ter. Ed. c. 106, §38. This finding that Mrs. Porras went to the defendant’s store at the request of the plaintiff does not have the foundation of any evidence in the case. The evidence in the case is simply as recited above, that Mrs. Porras went to the store on her own errand; in fact there was no evidence that in so doing she was acting under any instructions whatsoever from plaintiff to make any complaint; in fact she did not make any statement to this effect ; apparently she was only acting for herself as all she said is quoted in full above, and she apparently was only after a good piece of meat for herself; and she simply stated as quoted above. No where in this statement does she say that she was authorized by the plaintiff to make any complaint about the meat that the plaintiff had pre *77 viously bought; and, the language that she used indicates merely that she was relating what had taken place to make sure that she would get good meat. The finding that she went to the store at the request of the plaintiff, as found by the trial judge, is entirely without foundation in the
In the recent cases of the Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 371; Idzykowski v. Jordan Marsh Co., 279 Mass. 163; Jamrog v. H. L. Handy Co., 284 Mass. 195, 199; Carney v. Siracoules, et al, 1 App. Div. Rep. p. 96, 99, the requisites of a proper notice have been fully treated. In Jamrog v. H. L. Handy Co., 284 Mass. 195, at page 198, it is stated, “The notice required by the statute must refer to particular sales and must fairly advise the seller of the defect and specify with reasonable particularity in what the breach consists. It need not necessarily take the form of an express claim for damages or threat of such, but it is sufficient if it is reasonably inferable that the buyer is asserting a violation of his legal rights.” In the case at bar the buyer asserted no rights whatever. The word “notice” implies information. Even if we could assume that the conversation which took place between Mrs. Porras and the salesman to be notice, there was no form of words or information required by the The information contained in this talk by Mrs. that she wanted some meat and that she wanted good meat not like the other meat was simply that she wanted good meat, and that she was there for her own purposes, and that she wanted, naturally, and asked that the quality of the food that she purchased should be good. There is no. compliance either by inference or otherwise with the statutory requirement.
Like the case of Idaykowski v. Jordan-Marsh Co., supra, there was no assertion of a violation of the plaintiff’s *78 rights; in the talk made by Mrs. Porras all she told the defendant’s salesman was simply that the plaintiff was injured. In Guthrie v. J. J. Newberry Co., Mass. Adv. Shts. 1937, p. 649, at page 650, it states the sales act, G. L. (Ter. Ed.) c. 106, §58, provides that “# * * If, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor”. In other words, under this statute plaintiff was bound to give seasonable information of her intention to look to the defendant for damages from a breach of warranty. No particular form is specified as to the contents of the required notice of such intent. Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 369. Notice need not necessarily be in writing. Jamrog v. H. L. Handy, 284 Mass. 194, 198. But there must be something in the nature of a notice appear that will reasonably inform the seller of the buyer’s intention to claim damages for breach of warranty. Guthrie v. J. J. Newberry Co., supra. “No express claim of damage is necessary if it is reasonably inferable from the form of the notice that the buyer is asserting a violation of his legal rights.” Guthrie v. Newberry, supra. No such notice was given in this case and in the case last quoted if the sister’s statement had stood alone in the case unaccompanied by the letter written by plaintiff’s attorney, it is apparent that the plaintiff would not have been allowed to recover. It was only by putting what the plaintiff’s sister had said, together with the contents of the letter that caused the court to say that the notice was sufficient in that case. The court says it did not appear that the sister proceeded to make an assertion of a violation of plaintiff’s legal rights, but the sister gave information of how plaintiff had been made ill *79 by the purchase of food in defendant’s restaurant, and the letter written by the plaintiff’s attorney was held to be a sufficient notice in connection also with what the sister kM said before to satisfy the statute. In the case at bar there is no connection whatever shown between the plaintiff and the talk made by Mrs. Porras with the defendant’s Again it does not appear that Mrs. Porras to make an assertion of a violation of the plaintiff’s legal rights or that she was authorized to make such an on behalf of the plaintiff”. Guthrie v. J. J. Newberry Co., Supra, at page 652.
In the instant case plaintiff did not authorize any notice to the defendant; no assertion was made by Mrs. Porras on plaintiff’s account; there is only Mrs. Porras’ of what had happened made apparently for her own protection. We can see no approach to the requirements of the statute in question. The two requests should have been given.
Finding for plaintiff vacated; judgment for the defend-ant.