Jones, P. J.
This is an action of contract to recover damages under an implied warranty, incurred by reason of eating a fried clam dinner, consisting of clam chowder, fried clams, french fried potatoes, rolls, butter, coffee and dessert. The defendant’s answers were a general denial and contributory negligence.
The trial judge found that the fried clams were unfit for consumption, contrary to an implied warranty that they were fit for consumption, that there was no waiver of the breach of warranty; but that the notices given by the *447 plaintiffs or in their behalf, to the defendant, were not legally sufficient, in that they did not set forth a breach of said warranty with sufficiency, although there was a failure on the part of the judge to state in what particulars the notices given to the defendant were lacking. It is, therefore, necessary for us to examine the notices given by the plaintiffs to the defendant.
The notice is contained in three letters written to the defendant by the plaintiffs’ attorney. These letters are as follows:
“August 1,1938.
Manager
Stromberg’s Restaurant
2 Bridge Street,
Salem, Mass.
Dear Sir:
This is to advise you that I have been retained to represent Mr. & Mrs. John L’ltalien of 34 Japónica Street in Salem and Mrs. and Mr. Alphe Morin of 4 Horthey Street in Salem, in their claims for damages sustained by them as a result of your negligence in serving food, namely
3 clam dinners (fifty cent special)
1 fish dinner (fillet of flounder fifty cent special) which was unfit for human consumption.
This food was eaten on Saturday, July 23, 1938 between 11 and 12 P. M. at Stromberg’s large restaurant on #2 Bridge Street in Salem.
I suggest that you communicate with me at your earliest convenience.
Very truly yours,
SG- LG SAUL, GORDON’ ’
“August 10,1938
Manager
Stromberg’s Restaurant
2 Bridge Street
Salem, Mass.
Dear Sir:
As you will recall, on August 1, 1938, I wrote you advising that I have been retained to represent Mr. *448 and Mrs. John L’Italian and Mr. and Mrs. Alphe Morin in their claim for injuries resulting from four dinners which were served them at your restaurant on Saturday, July 23, 1938, between 11 and 12 P. M. and which evidently contaminated.
Unless I hear from you in reference to this matter, 1 shall be obliged to take action consistent with the nature of this claim.
Very truly yours,
SGLG SAUL GORDON’’
“August 16,1938.
Manager
Stromberg’s Restaurant
2 Bridge Street,
Salem, Mass.
Be: John L’Italian — Alice L’ltalien
Alphe Morin — Elizabeth Morin
vs. Stromberg’s Restaurant.
Dear Sir;
In view of the fact that I have not received the courtesy of a reply to my several letters in connection with the above matter, I must inform you that unless I hear from you or your insurance company within the next few days, I shall be obliged to take legal action without further notice.
Very truly yours,
SG;LG SAUL GORDON”
The rule undoubtedly is that the plaintiffs were bound by law to give the defendant notice of the breach of warranty, if any there was, within a reasonable time after they knew or ought to have known of such breach; G. L. (Ter. Ed.) c. 106, sec. 38, and such notice is a condition precedent to the maintenance of any action; Idzykowski vs. Jordan Marsh Co., 279 Mass. 163, and no particular form of notice is required, so long as it is sufficient. Johnson vs. Kanavos, 1937 A. S. 193. Guthire vs. Newberry Co., 1937 A. S. 649: Such a notice may be given by an attorney for the plaintiffs. *449 Jamrog vs. Handy, 284 Mass. 195, and such notice, given to a servant or agent, may be a constructive notice to a defendant; Jamrog vs. Handy, 284 Mass. 195, and, if otherwise sufficient, may be given jointly on behalf of several claimants, as in the case at bar. Johnson vs. Kanavos, 1937 A. S. 193.
But a notice as to defects which amounts only to a complaint is insufficient. Country Club Soda Co. vs. Arbuckle, 279 Mass. 121, because such a notice must be in such form as to show an intention to assert a legal right arising from a breach of warranty. Idzykowski vs. Jordan Marsh Co., 279 Mass. 163. It also “must refer to particular sales, must fully advise the seller of the alleged defect and specify with reasonable particularity in what the breach consists.” Jamrog vs. Handy, 284 Mass. 195-198.
In the case at bar, from the aforesaid letters, it fairly appears that these plaintiffs purchased of the defendant and ate, among other food, certain fried clams, which made them sick; and, that they fairly advised the defendant that they ate unfit food served by the defendant and named the food.
In the case last quoted, the defendant claimed that the notice given was insufficient. It stated, however, that the food in question was “off condition”, which it was said could “rightly have been found to have given the defendant reasonable notice” that the food in question was not fit for consumption. Jamrog vs. Handy, supra, 284 Mass. 195.
While the letters, above quoted, in no words state that the notice is given as a prerequisite to the bringing of an action, they fairly state a claim for a breach of duty owed by defendant to the plaintiffs, and speak of a claim for damages ; state that the food was unfit for consumption; that the plaintiffs, in whose behalf the notices were given, were *450 made sick from eating this food bought of the defendant, stating the time it was bought and ending by suggesting a communication with the writer, who states that he has been engaged to represent the plaintiffs.
The first letter, quoted above, was followed later by a second and third letter. These letters and their contents, we think, furnished sufficient notice and information to the defendant that the buyers were “asserting” a “violation” of their legal rights. Jamrog vs. Handy, 284 Mass. 195. It was not necessary to assert in the notice the cause of the unfitness of the food in question. Guthire vs. Newberry Co., 1937 A. S. 649.
Neither do we think because the first letter from the plaintiff’s attorney stated that their claim for damages sustained by them as a result of “your negligence” in serving food, necessarily restricted the plaintiff to an action in tort for damages because the notice without these words is a sufficient notice to the defendant, of the actual defective condition of the food relied upon as a basis for these actions.
The letter is otherwise a good notice and is to be so treated.
As the trial judge, in the cases of these three plaintiffs, found all the elements necessary to the plaintiffs’ eases, excepting in regard to the contents of the notices, it is unnecessary to discuss these cases further.
Coming to the plaintiffs’ requests for rulings, we do not think there was any error in the denial of plaintiffs’ request 1,
“1. When, under the same conditions, several persons who have eaten the same food become similarly ill, an inference is warranted that the food which all had eaten was unwholesome and was the cause of their illness. ’ ’
because the evidence failed to show that all these plaintiffs had eaten the same food and it, therefore, was inapplicable.
*451 John L’Italien vs. Harriet E. Stromberg.
For reasons given above, we think the court should have given plaintiffs’ third and sixth requests, which were as follows:
“3. The written notice here given on behalf of the plaintiff definitely indicated that he was asserting legal rights against the defendant. It referred to particular sales, identified by the fact that they were all made at the same time. It advised the defendant of an alleged defect in the food and specified the breach of warranty relied upon with as much particularity as reasonably could be expected in the case of a sale of food for immediate consumption and complied with the requirements of the statute.”
116. Evidence that the plaintiff fell ill after eating food supplied by the defendant, which tasted bad, is sufficient to warrant an inference that the food was unwholesome and warrant recovery in an action on implied warranty.”
It is ordered that a new trial be had to settle only the plaintiffs’ damages.
Jones, P. J.
This case is before this Division with three other cases, which although argued in common with this one, are disposed of under the preceding cases of Alphe Morin et als. vs. Harriet E. Stromberg, beginning at page 446.
The facts in this case are not quite the same as in the cases last mentioned. This, like the three cases referred to, is an action of contract to recover alleged damag’es caused by the eating of certain food bought by the plaintiff, excepting in one particular, viz:— The notice in this case stated that the *452 food eaten by this plaintiff was a food known as “fillet of flounder”, whereas the food actually purchased and eaten was “flounder flakes”. No evidence was introduced showing that ‘ ‘ flounder flakes ’ ’ is the same as ‘ ‘ fillet of flounder ’ \ The notice failed fully to advise the seller of the alleged defect in the food and specify with reasonable particularity in what the breach consists, Jamrog vs. Handy, 284 Mass., 195-198.
Advising the seller of injury from the sale and eating of one kind of food and proving the eating of another kind of food is far from the proof required.
Hence, with a reference to the opinion in the preceding cases of Alphe Morin et als. v. Harriet E. Stromberg, above referred to, which, so far. as applicable, is made a part of this, and deciding that no error was committed by the trial judge, we direct the report dismissed so far as applicable to this case.