ABRAHAM STEIN *vs.* JOSEPH H. ALMEDER.

Suffolk.   May 20, 1925. — June 30, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Sale*, Warranty.  *Damages*, In an action of contract: for breach of warranty in sale.  *Evidence*, Of judgment in rem.  *Judgment*.

At the trial of an action for damages resulting from a breach of warranty by the defendant in selling to the plaintiff ninety-eight barrels of apples which were not as represented, it appeared that the apples bore a label; that the plaintiff before buying examined the top layers of two barrels of the apples and the bottom of one in front of the defendant's premises and agreed to take all the apples if the apples were as labelled, to be shipped from Boston to Maine. The purchase price was paid. Ten days after arrival in Maine, the apples were placed in cold storage and some were sold. Following complaints received from customers, the plaintiff examined the apples and wrote to the defendant one month and eight days after he received the apples "that the apples were not as labelled" and demanded an adjustment, which the defendant refused to make on the ground that at the time of the purchase the plaintiff "had seen what he . . . had purchased and that he (the defendant) was not responsible." Complaint then was made to the Federal pure food bureau and Federal inspection was made, condemnation proceedings were instituted in a Federal district court on an information under 34 U.S. Sts. at Large 771, § 10, and a decree was entered condemning the apples as misbranded and they were sold and the proceeds confiscated. The plaintiff in the action of contract gave the defendant notice of the institution of the condemnation proceedings. The judge who heard the action for breach of warranty found that the apples did not conform to the label; that eighty-four barrels were a total loss because they were confiscated, and found as damages the total loss to the plaintiff owing to false representations of the defendant. *Held*, that

(1) A finding was warranted that the plaintiff gave the defendant notice of the breach of warranty within a reasonable time after he knew or ought to have known of such breach;

(2) A finding for the plaintiff was warranted;

(3) The measure of damages was not to be determined by the difference in value of the apples at the time of the delivery and the value they would have had if answering to the warranty, because in the selling the defendant knew that the apples were subject to condemnation and forfeiture if they were shipped by him or by the plaintiff from Massachusetts to Maine, and that in such event the loss to the purchaser might be a total loss, which under G. L. c. 106, § 58 (7), constituted "special circumstances showing proximate damage of a greater amount" than the mere difference in value between different standards of graded apples;

(4) Admission in evidence of "a duly certified copy of the proceedings in the District Court of the United States" was proper, the proceedings being *in rem* and the judgment being binding upon all the world.

CONTRACT with a declaration in two counts, the first upon an account annexed for $674.24, "money had and received by the defendant from the plaintiff," and the second for damages resulting from a breach of warranty by the defendant in the sale of apples to the plaintiff. Writ in the Municipal Court of the City of Boston dated March 29, 1924.

Material evidence and findings by the trial judge in the Municipal Court are described in the opinion. The defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There was no warranty of condition or otherwise in the sale.

"3. The plaintiff is not entitled to recover if the apples met with the Massachusetts requirements on October 1, 1923.

"4. The plaintiff is entitled to no damages for any deterioration in the apples after October 2, 1923.

"5. The plaintiff cannot recover for any damages which the apples sustained by reason of storing them in the cold storage warehouse.

"6. In no event is the plaintiff entitled to recover more than nominal damages.

"7. The terms of the sale did not contemplate the placing of the apples in cold storage. They contemplated a selling or using in the ordinary way in which a fall apple is used and disposed of.

"8. The defendant afforded the plaintiff a reasonable opportunity of examining the apples for the purpose of as-

certaining whether they conformed to the contract, and the plaintiff not having notified the defendant upon the exercise of this opportunity to examine in a reasonable time after the sale of any breach of the contract, is not entitled to recover in this action.

"9. No claim for allowance having been made upon the receipt of the goods, the plaintiff cannot recover under the contract of sale."

The judge gave the fourth and fifth rulings requested, refused to give the others, found for the plaintiff in the sum of $678.91, and at the request of the defendant reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*J. Cavanagh,* for the defendant.

*A. Hurwitz & S. Hurwitz,* for the plaintiff.

PIERCE, J. This is an action of contract, wherein the plaintiff seeks to recover for loss sustained by him resulting from a purchase from the defendant, on October 1, 1923, of ninety-eight barrels of apples, which were condemned by the United States government, under the pure food law, as misbranded, and the proceeds confiscated; Act of June 30, 1906, (34 U. S. Sts. at Large, 768, 770, 771, §§ 8, 10,) and Act of August 3, 1912 (37 U. S. Sts. at Large, 251, § 5). The defendant pleaded general denial and payment.

The pertinent succinct facts, taken from the report, are that, in October, 1923, the plaintiff, who was then and for several years had been engaged in the wholesale fruit business in Portland, Maine, purchased in Boston, Massachusetts, of the defendant, in barrels labelled by stencil "Massachusetts Standard Fancy Grade Min. size 2¾ inches one (1) Standard Barrel MacIntosh Reds packed by Almeder Eames & Co., Boston, Mass. Min. Val. 3 bus.", ninety-eight barrels of apples at the price of $674.24. Before the purchase the plaintiff examined the tops of two barrels of apples and the bottom of one in front of the defendant's premises, and agreed to take ninety-eight barrels of apples then in a car in the freight yard of the Boston and Maine Railroad at Charlestown, if the apples there were as labelled. The de-

fendant, by the direction of the plaintiff, gave instructions to the railroad company to ship the apples to the plaintiff in Portland, Maine, and they arrived at Portland on October 2, 1923, the plaintiff paying the freight. On arrival, seven barrels were placed in the plaintiff's store, as samples, and ninety-one barrels were placed in cold storage in Portland. The seven barrels were sold to the plaintiff's trade. On October 10, 1923, the plaintiff withdrew five barrels from cold storage and sold the same; and on November 8, 1923, he withdrew two more barrels. On October 12, 1923, the plaintiff paid the defendant the sale price of the apples.

There were some minor complaints by customers before October 12, 1923; but after that date customers complained about the condition and size of the apples, and the plaintiff was obliged to make substantial allowances on the selling price. Upon the testimony of the plaintiff and that of his son, both contradicted by the testimony of the defendant and by inconsistent statements contained in a letter dated January 4, 1924, signed "A. Stein & Son" and addressed to "Almeader, Eames & Co." the judge in the Municipal Court could find that the plaintiff and his son, after they received the complaints above referred to and before November 10, 1923, informed the defendant in Boston "that the apples were not as labelled" and demanded an adjustment, which the defendant refused to make on the ground that at the time of the purchase the plaintiff "had seen what he . . . had purchased and that he (the defendant) was not responsible."

It is plain, on the evidence above recited, that the plaintiff had not seen at the time of the purchase the contents of the ninety-eight barrels in the freight car, but had seen barrels of apples of a lot of four hundred, of which the ninety-eight barrels had been once a part. Finding the above facts, the judge could further find that the plaintiff gave the defendant notice of the breach of warranty, which resulted from mislabelling the barrels as barrels which contained apples of a size larger than in fact they did contain and that such notice and claim for adjustment were within a reasonable time after the plaintiff knew or ought to have known of such breach. G. L. c. 106, § 38.

The plaintiff's son then complained to the Federal pure food bureau. The eighty-four barrels in cold storage were inspected by a "food inspector" in the agricultural department of the State of Maine, and on January 4, 1924, a libel for condemnation, under Act of June 30, 1906, (34 U. S. Sts. at Large, 771, § 10,) was brought in the United States District Court. On January 28, 1924, the apples were condemned as misbranded and contrary to pure food law, with the result that on January 29, 1924, they were sold and the proceeds were confiscated. On the day of the filing of the libel the plaintiff sent, and the defendant received, the following letter: "This is to notify you that the lot of fancy 2¾ inch MacIntosh apples, have been seized by the Federal authorities. There is 84 lbs. [*sic*] left from the original lot of 98 that have been seized. These apples were found to be misbranded by the Federal inspectors. There will be a hearing here in Portland on January 19 in the Federal Court. You no doubt will be informed to that effect by the authorities. These apples were bought from you Oct. 1, 1923."

There was evidence that the apples in cold storage "did not comply with the stencilled label and that on an average the apples were about one third under size, discolored and not Standard Fancy." The judge found "that the apples did not conform to the description stencilled on the barrels and to a much greater degree than five per cent of the contents: that in consequence thereof eighty-four barrels of the fruit was a total loss, the same having been confiscated by the United States Government under the pure food laws; that the fruit did not deteriorate in consequence of being placed in cold storage and that the total loss to the plaintiff owing to false representations of the defendant is $678.91."

Assuming but not admitting a breach of warranty, the defendant contends that the measure of damage is to be determined by the difference in value of the apples at the time of the delivery and the value they would have had if answering to the warranty. G. L. c. 106, § 58 (7). This argument is unsound. There were "special circumstances showing proximate damage of a greater amount" than the mere difference in value between different standards of graded

apples. When the apples were sold to the plaintiff the defendant knew that they were subject to condemnation and forfeiture if they were shipped by him or by the plaintiff from Massachusetts to Maine; and that in such event the loss to the purchaser might be a total loss, as it was in the case at bar.

We find no error in the receipt of "a duly certified copy of the proceedings in the District Court of the United States." As a proceeding *in rem* its judgment was binding upon all the world. *The Mary,* 9 Cranch, 126, 144. *Rounds* v. *Cloverport Foundry & Machine Co.* 237 U. S. 303, 306. Nor do we find error in the refusals to rule as requested, the requests being based upon assumed facts which the judge was not required to find even upon the uncontradicted testimony introduced by the defendant. It results that the order "Report dismissed" must be affirmed.

*So ordered.*