CATHERINE IDZYKOWSKI *vs.* JORDAN MARSH COMPANY.

Suffolk.    November 12, 13, 1931. — May 19, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Sale,* Warranty.    *Notice.*

Evidence, at the trial of an action of contract against the proprietor of a store, that the plaintiff, a woman, went to the store and asked for a certain brand of shoe cleaner; that the saleswoman replied that the

store did not have that brand, and recommended another brand, saying that it was "a very good polish . . . and a good feature was that . . . it was so harmless it would not irritate the most delicate skin . . . it is a very safe substance"; that the plaintiff purchased the brand so recommended, relying upon what the defendant's saleswoman had said; and that the plaintiff's hands were injured by the cleaner when she applied it to her shoes, warranted findings, if it were assumed that the saleswoman had authority thus to recommend the cleaner, that there was a breach by the defendant of an express warranty that the cleaner was free from injurious substances and also of an implied warranty to the same effect under G. L. c. 106, § 17 (1).

Further evidence at the trial above described, that the plaintiff told a witness "to go and tell the salesgirl about the cleanser, how it injured her hands, so other people would be careful, could be careful," and that the witness "did it" and "went back to the defendant's store about a week later and saw the same saleslady," did not warrant a finding that the plaintiff, in giving the defendant notice of her injury, was asserting to the defendant a violation of her legal rights; the notice therefore was insufficient under G. L. c. 106, § 38, and the plaintiff could not recover.

TORT, originally against Harry Ramsey, "doing business under the firm name and style of the Alden T. Cleveland Manufacturing Company." Writ dated August 9, 1926.

In the Superior Court, the writ was amended by adding Jordan Marsh Company as a party defendant. The action thereafter was amended into one of tort or contract and subsequently to one of contract, and was discontinued as to the defendant Ramsey. Material evidence at the trial before *Thayer*, J., is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $3,500 was recorded. The judge thereafter ordered entered a verdict for the defendant. The plaintiff alleged an exception.

*A. J. Berkwitz*, (*D. G. Nagle* with him,) for the plaintiff.

*C. B. Barnes, Jr.*, for the defendant.

PIERCE, J. This action, originally in tort, was subsequently amended to an action of contract to recover damages for injuries sustained to the plaintiff's hands. The declaration was also amended by a discontinuance of counts 1 and 2. In count 3 the plaintiff in substance alleged that the defendant sold her a certain cleaner for white shoes with an express warranty "that the same was free from

any dangerous ingredients, that no gloves were needed in its application, that it was harmless and would not chafe or otherwise irritate the skin, and that it was fit for the purpose for which [it was] intended; that the plaintiff relying on said warranty and representation took it home and applied it to her shoes," and thereby was injured in body and mind. Count 4 contained an allegation of breach of implied warranty that the cleaner was "fit for [the] use for which [it was] intended." The answer of the defendant was a general denial, contributory negligence on the part of the plaintiff, and a special answer setting up a failure of the plaintiff to give proper notice to the defendant of breach of the alleged warranty within a reasonable time after the plaintiff knew of the breach. "It was agreed by counsel for all parties that at the time that the plaintiff alleges she purchased the . . . Cleaner, one of the component parts of said cleaner was commercial ether." At the close of the trial the defendant moved for a directed verdict; the judge submitted the case to the jury, reserving leave to direct the entry of a verdict. The jury returned a verdict for the plaintiff and the judge, under leave reserved, directed the entry of a verdict for the defendant "upon the stipulation, that if the court was in error in directing a verdict for defendant then judgment to be entered for the plaintiff on the verdict rendered by the jury, otherwise judgment for the defendant." The plaintiff excepted to the direction of the entry of a verdict for the defendant.

The bill of exceptions contains all evidence material to the issues raised thereby. The facts in their aspect most favorable to the plaintiff's contention, which the jury could warrantably find, are as follows: The plaintiff, who had never had any eruption or trouble with her hands or skin before June 26, 1926, on that day accompanied by her sister went to the store of the defendant to purchase a cleaner for white shoes. At a counter there were two salesgirls and she asked one of them whether she had "Opeechee White Shoe Cleaner." The girl addressed replied that "she did not have that brand and she took up . . . [a] bottle

from the counter and showed it to the plaintiff, saying it was 'Cleveland's Shoe Polish,' a very good polish, and better than the one the plaintiff asked for; that it would clean shoes no matter how soiled they were, so they would look like new shoes and a good feature was that at the same time it was so harmless it would not irritate the most delicate skin." The plaintiff asked whether she should apply it with a cloth or how she should apply it, and the salesgirl said, "apply it with a piece of cloth or a sponge on the shoes," and "it is a very safe substance." The plaintiff relied upon what the salesgirl had said and in consequence thereof purchased the bottle, which was exhibited at the trial, brought it home on a Saturday, and on the Monday following used the cleaner on her shoes. Her hands were perfectly healthy before she used it. The shoes were a sort of sandal with cut-out work on the toe. She shook the bottle to dissolve the precipitate in the bottom and poured the cleaner on a clean old linen handkerchief to apply it. She had one hand in the sandal, palm down, and some of the cleaner went through the openings in the sandal and got on the upper side of the hand in the shoe, and splashed over the other hand with the cloth. The cleaning process took about eight to ten minutes. Upon contradictory testimony the jury were warranted in finding that the plaintiff was injured as described in her testimony by the use of the cleaner sold her, in the circumstances above related.

At the close of the trial, after the defendant had rested, the plaintiff recalled her sister who had accompanied her when she purchased the cleaner at the defendant's store. She testified "that she went back to the defendant's store about a week later and saw the same saleslady; that . . . [the plaintiff] told her to go and tell the salesgirl about the cleanser, how it injured her hands, so other people would be careful, could be careful and that she did it."

Without decision, for the purpose of this case we assume the salesgirl had implied authority to commend the effective qualities of the cleaner offered for sale, because such power was reasonably necessary to bring about sales of articles similar to that sold the plaintiff. On the facts which might

reasonably have been found, we think there was an implied, as well as an express, warranty that the cleaner was free from irritating and dangerous chemicals that would make its use dangerous. *Flynn* v. *Bedell Co. of Massachusetts,* 242 Mass. 450. *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, 246. We think this case falls within G. L. c. 106, § 17 (1), which reads: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." Within the rule stated it could have been found that the plaintiff rightly relied upon the defendant's express or implied knowledge of the character of the article sold, and it could therefore be found that there was a breach of warranty making the defendant liable.

Assuming the authority of the salesgirl and a breach of the contract of sale, express or implied, we nevertheless are of the opinion that the verdict was rightly ordered entered for the defendant, because the plaintiff failed to prove that she gave proper and sufficient notice of the breach of warranty within a reasonable time after she knew or ought to have known of such breach. The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. c. 106, § 38, is intended for the protection of the seller against belated claims for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by G. L. c. 106, § 38, to be given to the seller must refer to particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice "need not necessarily take the form of an express claim for damages or threat of such, [but] it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights." *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 370. The evidence as to the circumstances attending the giving of the

notice, the person to whom it was given, and its form and substance, is precise, clear and certain in respect to significa-tion.   The notice did not require or involve the finding of any inferential fact.   It therefore presented to the trial judge a question of law.   *Lincoln* v. *Croll*, 248 Mass. 232. It was, however, an insufficient notice in substance, in that from it there could be no reasonable inference that the plaintiff, through her agent, was asserting a violation of her legal rights, or that she had any other purpose in send-ing her sister to the salesgirl than to make known to the defendant, through the salesgirl, the fact of an injury to her hands "so other people would be careful, could be care-ful."   On the whole record there was a failure to give such a notice as the statute requires within a reasonable time. It follows that the plaintiff's exceptions must be overruled, and judgment entered for the defendant in accordance with the stipulation.

*So ordered.*