Rowe, J.
This is an action of contract wherein the plaintiff seeks to recover for illness caused by eating a piece of turkey purchased at one of defendant’s stores, her claim being based on breach of implied warranty. G. L. (Ter. Ed.) *513 Ch. 106, §17 (1). Holt v. Mann, Mass. A. S. (1936) 669, 670. s. c. 1 Mass. A. D. R. 285. The trial judge found for the plaintiff. It appeared in evidence that the plaintiff bought the turkey, washed it, stuffed it with dressing.and cooked it. "When later served to herself and guests there was an odor coming from it. Plaintiff ate some of the turkey. “No one but herself swallowed any of the turkey and as a result of said eating she became ill.”
The defendant’s first contention is that the finding should have been for the defendant on the ground that the plaintiff had not shown that the turkey was the cause of the injuries sustained. Even if we assume that the plaintiff’s evidence justified a finding of a breach of warranty on the part of the defendant, the next contention made by the defendant, prevents recovery by the plaintiff.
The defendant’s next contention is presented by-its request reading as follows:— “2. Judgment could be for the defendant as sufficient notice was not given the defendant.” The entire evidence on this point was: “the next morning she (the plaintiff) took the turkey back to the store of the defendant and gave the same to the manager. No evidence was offered by the defendant.”
The giving to the seller of a notice of an alleged breach of warranty is required as a protection to the seller against belated claims for damages. G. L. (Ter. Ed.) Ch. 106, §38. Idykowski v. Jordan, March Co., 279 Mass. 163, 167. In the Idzyhowshi case it is said that it ought to be reasonably inferable from the notice that the buyer is asserting a violation of his legal rights. In Jamrog v. H. L. Handy Co., 284 Mass. 195, 198 it is stated that while the notice need not be an express claim or threat of damages it would be sufficient “if it is reasonably inferable therefrom that the buyer is asserting a violation of his legal rights. ”
In Guthrie v. J. J. Newbury Co., Mass. A. S. (1937) 649, 651 it is said “it is the manifest purpose of the statute that *514 in order to fix liability on a seller, the buyer must give seasonable information of the buyer’s intention to look to the seller for damages from a breach of warranty. Conplaints as to the quality of what was sold may be found to amount to an adequate notice if in the circumstances appearing the complaints are of such a character as reasonably to inform the seller of the buyer’s intention to claim damages for a breach of warranty (cases cited). An express claim of damages is not necessary if it is reasonably inferable from the notice that the buyer is asserting a violation of his lega’ rights.” See also Johnson v. Kanavos, Mass. A. S. (1937) 193, 197.
In each of the above cases where recovery was allowed it affirmatively appeared that an inference of a claim for damages against the seller was justified. On the other hand in Idzykowski v. Jordan Marsh Co., 279 Mass. 163 it affirmatively appeared that the notice was given “so other people would be careful” and it was held not to be a proper notice. The case at bar falls between these two sets of cases in that here there was a return of the goods sold without anything appearing affirmatively as to the purpose of the return.
We are of the opinion that a mere return of the goods sold without something further as to infer a claim of breach of warranty is not sufficient notice under G. L. (Ter. Ed.) Ch. 106 §38. The defendant was not obligated to search out as to whether any or what warranty was broken, but the duty was upon the plaintiff to make affirmative-claim of the alleged violation of her rights.
The trial judge was in error in his denial of defendant’s second request which in substance asked for a directed finding on the ground that the seller had not been given a proper notice under G. L. (Ter. Ed.) Ch. 106 §38.

Judgment for the defendant.