Rowe, J.
This is an action of contract to recover a balance for bricks sold and delivered. The defendant claimed in recoupment that he was entitled to an allowance on the amount the plaintiff claimed, by reason of alleged breach of warranty of quantity. The trial judge, in finding for the plaintiff made the following detailed special findings of fact:—
“From all the evidence it appears, and I find that the defendant is a producer of milk in Dartmouth. In 1937 he began the erection of a dairy and purchased considerable materials from the plaintiff. He needed white enamel bricks and discussed the situation with one of the Plaintiff’s employees. The bricks desired by the defendant were a special kind, not usually on the market for general sale. The defendant did not have an architect or contractor in charge of the erection of his building. As a result of the conference between the *372 defendant and the employee of the plaintiff, two men from the brick factory were sent down to figure out the necessary number of bricks for the defendant. The factory men did give the defendant the total number of bricks which they estimated he would need and he ordered accordingly. At the completion of the job there were several thousand bricks which remained unused and which were apparently unnecessary for the job as it was built by the defendant. There was some correspondence between the parties with regard to the excess bricks. The defendant acknowledged owing for the full number but asked for time to pay, and suggested that the plaintiff store the excess bricks for him and attempt to dispose of the same. On these facts as I have found them, I rule that the defendant accepted the bricks and that there was no breach of warranty which will relieve him of his obligation to pay for the same. ’ ’
The defendant contends that the excess of bricks constituted a breach of warranty of quantity and requested a ruling which was denied, that “4. Breach of an express or implied warranty as to quantity is actionable.” As applied to the special findings in this case there was no error in the denial of this request. It appears from the special findings that the factory men gave the defendant the total number of bricks which they “estimated” he would need, and that he ordered accordingly. Given as an “estimate” or opinion, it would not constitute a warranty of quantity. 55 C. J. pp. 688-9 § 690 b G. L. (Ter. Ed.) C. 106 § 14.
But assuming for the moment, that there was a warranty of quantity and breach thereof, the defendant would be no better off on the facts of this case. G. L. (Ter. Ed.) c. 106 sec. 38 provides “but, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.”
The purpose of this notice is to protect the seller against belated claims for damages. Idzykowski v. Jordan March *373 Co., 279 Mass. 163, 167. The notice “need not necessarily take the form of an express claim for damages or threat of such, but it is sufficient if it is reasonably inferable therefrom that the buyer is asserting a violation of his legal rights, Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 370. Idzykowski v. Jordan March Co., 279 Mass. 163, 167.” Jamrog v. H. L. Handy Co., 284 Mass. 195, 198.
The defendant’s course as appears from the special findings of the trial judge was exactly contrary to that required if he desired to preserve his rights as to breach of warranty. The judge found that the defendant acknowledged owing for the full number, but asked time to pay and suggested that the plaintiff store the excess bricks for him and attempt to dispose of them. This course by the defendant would be in acquiescence of the plaintiff’s claim rather than an assertion of a breach of warranty. Hence as was said by the trial judge there was no breach of warranty which will relieve the defendant of his obligation to pay for the bricks. There was no error with reference to requests for rulings as applied to the special findings made by the judge, and the report must be dismissed.

So ordered.