MARION H. PUTNAM *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Worcester.    September 25, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Sale*, Warranty. *Notice.*

Evidence, merely that a plaintiff in an action for breach of warranty in the sale of food, who was taken sick on the day she ate it, continued so for a month and ten days, and again for eight days in the next month, "some time after she was taken sick" called the manager of the store where she bought the food and told him of her condition, in the absence of evidence that she at any time was incapacitated from giving notice, left the time of the giving of the notice a matter of conjecture and did not warrant a finding that the requirement of § 38 of G. L. (Ter. Ed.) c. 106, that the notice be given within a reasonable time, had been satisfied.

CONTRACT for breach of warranty of fitness of food sold on April 6, 1934. Writ in the Superior Court dated October 22, 1934.

After the recording with leave reserved of a verdict for the plaintiff in the sum of $1,500, *Broadhurst*, J. ordered the entry of a verdict for the defendant. Both parties alleged exceptions.

*J. M. Hart*, for the plaintiff.

*J. A. Lane*, for the defendant.

Cox, J.   The plaintiff's action of contract is based on the alleged breach of implied warranty of fitness of food purchased from the defendant. The trial judge, upon leave reserved, ordered the entry of a verdict for the defendant, and the plaintiff excepted. The jury could have found that she became ill after eating the food. It is unnecessary to detail the events prior and subsequent to her illness, or to determine whether the evidence would warrant findings that the food was unwholesome and the probable cause of her illness or whether it was purchased in such circumstances as to give her any contract rights. Even if the jury could have so found, the defendant would not be liable for a breach of warranty of fitness of the food sold unless the plaintiff gave it notice of the breach within a reasonable time after she knew or ought to have known of it. G. L. (Ter. Ed.) c. 106, § 38. The plaintiff testified that she was taken ill on April 6, 1934; that she was confined to her bed most of the time from April 7 to May 17, 1934, and also from June 16 to June 24, 1934; that she was under the care of different physicians until March, 1936, and she complained of the illness on the day of the trial in April, 1938. She attributed her illness to the food eaten that came from the defendant. It does not appear that she was incapacitated from giving notice. The writ was dated October 22, 1934. The following is the only evidence in the record of any notice, and it came from the plaintiff herself: "Some time after she [the plaintiff] was taken sick, she called Mr. Knight, manager of the A & P store. It is located on Lincoln Street, Worcester, and she thinks the number is 251. She told him of her condition and that he could send anyone of the company doctors up."

The jury could have found that the food was purchased in the defendant's store on Lincoln Street.

Although the statute (G. L. [Ter. Ed.] c. 106, § 38) does not attempt to define the kind of notice of the breach of warranty that must be given within a reasonable time in order to hold the seller liable, nevertheless the question of what the statute requires has been passed upon by this court several times. It was said in *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, at page 167: "The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. c. 106, § 38, is intended for the protection of the seller against belated claims for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by G. L. c. 106, § 38, to be given to the seller must refer to particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice 'need not necessarily take the form of an express claim for damages or threat of such, [but] it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.'"

Ordinarily it is a question of fact, sometimes a mixed question of law and fact, and in some instances a question of law, whether the notice given fairly complies with the requirements of the statute. *Learned* v. *Hamburger*, 245 Mass. 461, 473. *Lincoln* v. *Croll*, 248 Mass. 232. *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365. *Stein* v. *Almeder*, 253 Mass. 200, 203. *Country Club Soda Co.* v. *Arbuckle*, 279 Mass. 121, 131. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167, 168. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198–199. *Smith* v. *Denholm & McKay Co.* 288 Mass. 234, 237. *Schuler* v. *Union News Co.* 295 Mass. 350, 354. *Johnson* v. *Kanavos*, 296 Mass. 373, 377. *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245.

In our opinion the notice in the case at bar was not sufficient, if for no other reason than that it contains nothing from which the jury could find that it was given within a reasonable time. All that the plaintiff said was that "Some

time after she was taken sick" she called the store manager. Upon the record this could have been at any time between April 6, 1934, and some unknown and undiscoverable date. In these circumstances the case falls within the general principle that where, as here, the burden of proof rested upon the plaintiff to show that she gave the required notice, one requirement being that it must be given within a reasonable time after she knew or ought to have known of the breach of the alleged warranty, and that question is left to surmise or conjecture and has no solid foundation in established facts, the plaintiff's case must fail inasmuch as the giving of the required notice is a prerequisite to her right to recover. *Falco's Case,* 260 Mass. 74, 77.   *Gillis* v. *Boston, Revere Beach & Lynn Railroad,* 266 Mass. 481, 482.

As the defendant has agreed to waive its exceptions contained in the consolidated bill if the plaintiff's exceptions are overruled, they are accordingly treated as waived.

*Plaintiff's exceptions overruled.*