Riley, J.
The plaintiff seeks to recover damages in an action of contract for personal injuries alleged to have been occasioned her in consequence of having eaten some tomato juice purchased from the defendant at its store in Clinton, Massachusetts.
It appears from the evidence recited in the Report that shortly before June 1, 1939 the plaintiff’s husband, at her request, went to the defendants’ store and purchased a can of tomato juice which was selected by the clerk. It was paid for by the husband with money taken from his wife’s pocketbook at her request, which' money had previously been given her by her husband. On June 2, 1939 the plaintiff, while in bed convalescing from childbirth, requested her husband to give her a glass of tomato juice. The husband went into the next room, rinsed out a tumbler, *32 opened the can of tomato juice which he had previously purchased at the defendant’s store, filled the tumbler with its contents and took it to the plaintiff. While she was taking her first mouthful and after having swallowed a few sips of it, she noticed a few black specks floating in the tomato juice and that the mouthful had a peculiar taste. Whereupon she expelled the mouthful back into the glass, called her husband and handed him the glass and contents. At this time she felt quite all right. At no time did any of the black specks reach her lips. Her husband took the glass and contents into the next room, stirred it around and found a long tomato bug or worm in it. He then examined what was left in the open can and found another similar bug or worm. After this he told the plaintiff what he had found and showed the bugs or worms to her. Up to this time she had felt no ill effects but immediately became nauseated and ill, which illness continued for a period of time. She was attended by a physician who found her complaints to consist of nausea, vomiting, nervousness and inability to eat. His opinion, which was given in his cross examination, was that the plaintiff’s illness was due to a nervous or emotional upset. The plaintiff’s husband, after finding the tomato bugs or worms in the tomato juice, poured the contents of the tumbler back into the can and on June 2nd took the can to the store where he had purchased it and showed it to the manager. They had some conversation. There was no testimony as to what was said between them except that the manager asked blni to leave the can and its contents there. This he declined to do and took it back home. The plaintiff’s husband produced the can and its contents at the trial of the case.
The Eeport states that it contains all the evidence material to the questions, involved and reported.
*33 The defendant duly made several Bequests for Rulings. The first of these is “that on the law and all the evidence the plaintiff is not entitled to recover because (f) there is no evidence that the plaintiff gave the defendant sufficient and proper notice of the breach of any warranty within a reasonable time after the plaintiff knew or should have known of the -breach.” The defendant also, by various Bequests, asked for a ruling in substance that the plaintiff’s alleged illness was caused solely by emotional or mental disturbance as a result of seeing the worms in the product in question and, consequently, even assuming a breach of warranty, she was entitled to recover only nominal damages. All of thes® Requests were refused by the trial judge who made a finding for the plaintiff in the sum of $150.00:
We do not think it is necessary to determine whether the present case falls within the decision in Wheeler vs. Balestri, Mass. A. S. (1939) 1681, or whether there was prejudicial error in the judge’s denying other Bequests of the defendant, as we are of the opinion that the defendant’s Bequest, first recited above, should have been given.
It is settled law that the plaintiff cannot recover in an action of this character unless a notice of the alleged breach of warranty is given within a reasonable time after he knew or ought to have known of it. G. L. (Ter, Ed.) Chap. 106, §38. Savage vs. Alpha Lunch Co. of Boston, Mass. A. S. (1938) 1193. Johnson vs. Kanavos, Mass. A. S, (1937) 193, 196. Guthrie vs. J. J. Newberry Co., Mass. A. S. (1937) 649. In Idzykowski vs. Jordan Marsh Co., 279 Mass. 163 at 167 the court says, “The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. Chap. 106, §38, is intended for the protection of the seller against belated claims *34 for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by G. L. Chap. 106, §38, to be given to the seller must refer to particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice ‘need not necessarily take the form of an express claim for damages or threat of such, (but) it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.’ ” This statement as to the requisites of a notice under the statute in question is repeated by the court in Putnam vs. Great Atlantic & Pacific Tea Co., Mass. A. S. (1939) 1789 at 1790, the relevant cases being collected on page 1791 of the Opinion.
We do not think that the evidence reported warranted a finding that the requirements of the statute as to notice, which are above enumerated, had been fulfilled. The plaintiff’s husband simply brought the can and its contents to the defendant’s manager and showed them to him. There was no evidence of a conversation between them except the manger asked him to leave the can and its contents and the plaintiff’s husband declined to do so and thereafter took them back home. No mention was made of the fact that anyone had eaten or tasted of the contents of the can or that the plaintiff was suffering from any illness connected in any way with the product sold or, in fact, that she knew anything about the can or its contents. In Idzykowski vs. Jordan Marsh Co., 279 Mass. 163, although the defendant was notified of the plaintiff’s alleged injury caused by the article sold her by the defendant, it was held the notice was not sufficient. In Jamrog vs. H. L. Bandy Co., 284 Mass. 195, where it was held that a valid *35 notice had been given, the defendant was told of the complaints of a customer of the plaintiff that the articles sold were off condition and had poisoned some people who had eaten them. Unless the mere acts of the plaintiff’s husband, above described, are to be considered adequate notice to satisfy the statute, the plaintiff is not entitled to prevail in this action.
We do not think that they can be so considered. Accordingly, we feel compelled to hold that the defendant’s first Bequest for Buling should have been given and that judgment should be entered for the defendant.