Briggs, J.
This is an action of tort or contract to recover damages for an illness resulting from eating spoiled or unwholesome canned tuna fish purchased from the defendant on 'November 21, 1940. The plaintiff alleges in the first count of her declaration a breach of express warranty that the fish was wholesome and fit for human consumption, and bases her second count on an implied warranty. The defendant answered in general denial and further pleaded contributory negligence and that the plaintiff is barred from maintaining the action by the provisions of General Laws, Chapter 106.
The Court found for the deféndant on the first count, and for the plaintiff ón the second cóunt.
The deféndant duly filed, and the Court denied the following requests for rulings:
*191 “1. Upon the pleadings, the law and all the evidence the plaintiff is not entitled to recover because:
(a) The evidence does not warrant a finding that the defendant impliedly warranted to the plaintiff that the fish was of merchantable quality.
(b) The evidence does not warrant a finding that the tuna fish was not of merchantable quality.
(c) The evidence does not warrant a finding that the defendant represented the tuna fish was fit for consumption as food.
(d) The evidence does not warrant a finding of the breach of any contract or of the implied condition of any contract between the plaintiff and the defendant.
(e) There is no evidence that the plaintiff gave the defendant sufficient and proper notice of the breach of any warranty within a reasonable time after the plaintiff knew or should have known of the breach.
(f) The plaintiff knew or should have known before eating the food that it was not wholesome and fit to be eaten. (If the plaintiff was made ill by consuming the food as alleged and if it was unwholesome, the plaintiff had ample notice of this fact by reason of the appearance of the product and the appearance of the can which on her own statements she knew before she started to eat the product was different from the appearance of the tuna fish which she was accustomed to receiving.)
“5. If the plaintiff knew or should have known before she started to eat the food that it appeared to be very dry and that it appeared to be dark and dried up, then the plaintiff cannot recover.
“6. Upon the evidence the plaintiff knew or should have known before eating the fish that the inside of the can was black and green in color. Consequently the plaintiff cannot recover.
“7. If the evidence in this case is sufficient to warrant a finding legally that the fish was unwholesome, then it is sufficient to require a finding that the plaintiff knew or should have known of this unwholesomeness.”
*192 The Court made the following findings of fact:
“Upon all the evidence I find that on November 21, 1940 the plaintiff, a woman of sixty-two, through her daughter as her agent, purchased from the defendant a can of tuna fish; that the defendant in compliance with the daughter’s request for a ten cent can of tuna fish without mention of any particular kind or brand, sold her a prod.uct put up and distributed by a nationally known firm of canners. I find that on November 22, 1940 the plaintiff consumed the contents of this can and thereafter was made sick by reason of the unwholesomeness of the fish. I find that the unwholesomeness of this fish was due to the fact that the can in which it is sold is not sealed but that the cover is held tightly on the can by a metal strip, which in this case was loosened, causing the fish to have become dry and unwholesome.
“Upon all the evidence, however, I find, if it be material, that the defendant was not negligent in not discovering this condition with respect to the looseness of the strip. I find further under all the circumstances that, although the plaintiff had purchased this same kind of tuna fish several times before and noticed that the fish in this instance was dry and darker in color than usual, she was not negligent in eating it.
“I find that about two weeks after the plaintiff ate the fish, her daughter, while passing by the defendant’s store with her baby, upon her own initiative and without instructions from the plaintiff, went in to buy some cigarettes and while there for that purpose, reminded the defendant of the purchase by her of this can of tuna fish and told him that her mother had been made sick as a result of eating it.
“I find for the plaintiff on Count Two of her declaration in the sum of $225.00. I find for the defendant on Count One.”
The defendant, claiming tó be aggrieved by the action of the Court on thé foregoing requests, and by the findings, requests this report.
*193 The defendant now contends that upon the evidence the Court was required to find for him for the reason (1) that the plaintiff knew, or should have known that the food was not as warranted before eating it, and (2) that the plaintiff failed to notify the defendant of the breach of warranty in compliance with the provisions of General Laws, Chapter 106, Section 38.
This statute provides that if the buyer fails to give notice to the seller of the breach of any warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor.
The only evidence- of such notice, as disclosed by the report is that “About two weeks after the plaintiff ate the fish, her daughter, Molly Rapoza, while passing by the defendant’s store with her baby, upon her own initiative and without instructions from the plaintiff, went in to buy some cigarettes and while there for that purpose, reminded the defendant of the purchase by her of this can of tuna fish and told Mm that her mother had been made sick as a result of eating it.” And, if material, (which we do not deem it to be) that on January 20,1941, a Pinkerton operative representing Van Camp Sea Food Company, Inc., the packer of the product, after interviewing the plaintiff’s attorney, called on the-defendant and informed him of a claim being made against Van Camp Sea Food Company, Inc. on account of the sale of the fish to the plaintiff.
General Laws, Chapter 106, Section 38 does not prescribe the form nor specify the requirements of the notice. Guthrie vs. Newberry, 297 Mass. 245. In Idzykowski vs. Jordan Marsh Co., 279 Mass. 163, at 167 the Court says “The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. Chap. 106, Sec. 38, is intended for the protection of the *194 seller against belated claims for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by Gr. L. Chap. 106, Sec. 38, to be given to the seller must refer to particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. * * * It ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.” This doctrine was followed in Putnam vs. Great Atlantic & Pacific Tea Co., 304 Mass. 364.
We do not think that the evidence here reported warranted a finding or ruling that the requirements of the statute as to notice had been so fulfilled. The evidence shows that Molly Rapoza entered the store of the defendant on her own errand, of her own initiative, and without instructions from the plaintiff and there “reminded the defendant of the purchase by her of this can of tuna fish and told him that her mother had been made sick as a result of eating it.” It did not appear that the defendant knew her, or knew who her mother was, nor did it appear what if any particular defect was claimed. There was no specification with reasonable particularity of what the breach consisted, nor was it inferable from the conversation that the plaintiff was asserting any legal rights. There is no evidence disclosed by the record that the plaintiff has ever given or authorized any notice to the defendant in compliance with the Statute, nor that she was incapacitated from giving such notice. The denial of ruling 1 as set forth in subdivision “e” was error. It is unnecéssary to consider the other contentions of the defendant. The finding for the plaintiff is ordered vacated, and judgment for the defendant will be énteréd.