Sullivan, J.
By this action of contract or tort the plaintiff seeks damages because of alleged injuries received by her while eating canned tomatoes purchased by her from the defendant on February 17th, 1941. The answer of the defendant thereto included a general denial and a plea of contributory negligence.
There was evidence to show that on the evening the plaintiff purchased the canned tomatoes she prepared the evening meal and while partaking of same felt something in her mouth; that she thereupon hastened to the bathroom and vomited a worm, became nauseated and sick, sent for the doctor; that the latter while treating the plaintiff found a worm in the vomit which was in the basin; that thereupon after such medication noticed more worms in the rest of *233 the tomatoes that were in the bowl; that the plaintiff was treated for three days by the doctor; that the plaintiff’s attorney one George Ankeles sent a notice in writing to the defendant in which he set forth the following language, . . . “that she claims damages for injuries suffered by her through the presence of foreign substance in food purchased at your store at the address above indicated, February 17, 1941, at approximately 5:30' p. m.”; that the notice was to be considered in relation to the claim of the husband of said plaintiff, William P. Murphy, for consequential damages for said injuries; that when the plaintiff purchased said tomatoes her husband and child were in a waiting automobile outside the store; that she and her husband were well acquainted with the employee; that the husband was without employment for a long time and without funds, though most of the purchases made in the defendant’s store were made by him; that the manager of said store did not recall any incidents in relation to the sale.
The important ruling requested by the defendant which is important to our disposition of this case and which was denied is, No. 3 “The evidence warrants a finding by the court that proper notice was not given to the defendant.”
There was a finding for the plaintiff in the sum of one hundred sixty-five dollars.
The report is alleged to contain all the evidence material to the issues involved on the count in contract.
As this case is decided on the sufficiency of the notice given by the plaintiff it is unnecessary to set out the trial judge’s findings of fact.
G. L. (Ter. Ed.) c. 106, sec. 38 provides in part that the buyer “give notice to the seller of the breach of . . . warranty within a reasonable time after the buyer knows or *234 ought to know of such breach, the seller shall not be liable thereafter.”
In Idzkowski vs. Jordan Marsh Co., 279 Mass. 163, 167 it is there stated that “The giving of notice of an alleged breach of warranty to a seller within a reasonable time, as required by G. L. c. 106, sec. 38, is intended for the protection of the seller against belated claims for damages. When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by G. L., c. 106, sec. 38, to be given to the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice need not necessarily take the form of an express claim for damages or threat of such, (but) it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights. ’ ’ Nashua River Paper Co. vs. Lindsay, 249 Mass. 365, 370.
The plaintiff’s notice is a claim for “damages for injuries suffered by her through the presence of foreign substance in food purchased at your store” . . . The notice does not set out with any particularity the article purchased or the nature of the foreign substance that was in the food that caused the plaintiff to become ill. Such notice because of its vagueness and uncertainty provides no reasonable opportunity to allow the defendant to at once prepare its defence.
The vagueness of the notice may well be said to be in the realm of conjecture.
In Stern vs. Almeder, 253 Mass. 200, 203 the notice given by the plaintiff that the defendant had committed a breach of warranty in the sale of apples “which resulted from mislabelling the barrels as barrels which contained apples of a size larger than in fact they did contain” was suf *235 ficient to give the defendant the opportunity of preparing a defence.
In Morin vs. Stromberg, 309 Mass. 146, 148, 149 the notice was a “claim for damages sustained by them (plaintiffs) as a result of your negligence in serving food, namely 3 clam dinners . . . which were unfit for human consumption.” It was held to be a good notice which served the purpose of imparting knowledge to protect the defendant which the law requires. Nashua River Paper Co. vs. Lindsay, 249 Mass. 365, 370: Idzkowski vs. Jordan Marsh, 279 Mass. 163, 167. Jamrog vs. H. L. Handy Co., 284 Mass. 195, 198-9. Johnson vs. Kanavos, 296 Mass. 373, 376, 377. Guthrie vs. J. J. Newberry Co., 297 Mass. 245.
The notice in the instant case not being in conformity with Gr. L. (Ter. Ed.) c. 106 sec. 38, the plaintiff cannot recover and the denial of the defendant’s request No. 3 was prejudicial error. The judgment for the plaintiff is vacated and a finding for the defendant is ordered.