MONROE AUTO EQUIPMENT COMPANY *vs.* ISRAEL H. BLOOM.

Norfolk.    April 3, 1950. — June 5, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Sale,* Warranty. *Notice.*

A finding in an action for goods sold and delivered that the defendant, who relied on an alleged breach of warranty, had given to the plaintiff notice of the alleged breach within a reasonable time after the defendant knew or ought to have known of it, as required by G. L. (Ter. Ed.) c. 106, § 38, was not warranted where on the evidence the time of his discovery of the breach was left entirely to surmise and conjecture.

CONTRACT. Writ in the District Court of East Norfolk dated October 15, 1947.

The action was heard by *Halloran,* J., who found for the plaintiff in the sum of $44.56.

*B. P. Rome,* for the plaintiff.

*E. J. Barshak,* for the defendant.

COUNIHAN, J. This action is here on an appeal by the plaintiff from a decision of an Appellate Division of a District Court dismissing a report. The action is one of contract to recover for goods sold by the plaintiff to the defendant doing business as the Quincy Auto Supply Co. These goods were shipped on December 17, 1946, February 12, 1947, and March 26, 1947, respectively, and were received by the defendant shortly after each shipment. The prices set forth in the plaintiff's declaration were agreed prices, totalling $356.70 of which $156.70 had been paid, and the plaintiff alleged a balance due it of $200 with interest from March 26, 1947. The defendant sold some of the

goods and had no complaints regarding them. Other customers complained of defects in goods sold out of each shipment and returned such merchandise. The defendant "had to make good" for what was returned. The defendant orally notified a salesman of the plaintiff of these complaints on two occasions, the time of which did not appear in evidence. The following letter was sent by the defendant to the plaintiff:

"April 23, 1947. Monroe Auto Equipment Co., Monroe, Michigan. Gentlemen: We have found a number of your shock absorbers that seem to be defective. We have recently sold a pair to one of our customers and he returned them ripped. Please advise, as we hesitate to sell these shocks. Yours truly, Quincy Auto Supply."

There was evidence that the plaintiff had fully guaranteed these goods.

The defendant in his amended answer by way of recoupment alleged a breach of warranty by the plaintiff. G. L. (Ter. Ed.) c. 106, § 58. The amended answer did not allege notice of this breach of warranty to the plaintiff, G. L. (Ter. Ed.) c. 106, § 38, and this omission made the amended answer demurrable. *Holland* v. *Good Brothers, Inc.* 318 Mass. 300, 301–302.

The plaintiff duly filed a demurrer to the amended answer, but in some manner not clear on the record the defendant was given leave to amend his answer further by alleging that due notice of the breach of warranty was given. The demurrer was overruled and the plaintiff claimed a report and has argued the propriety of such action, but inasmuch as we arrive at a decision for the plaintiff on other grounds we need not consider this point.

At the trial of the action in the District Court the plaintiff made several requests for rulings, only one of which is here material: "7. That on all the evidence no notice of a breach of warranty was given to the plaintiff within a reasonable time." The judge denied this request and found for the plaintiff in the sum of $44.56. The plaintiff, being aggrieved by the denial of this request, claimed a report to

the Appellate Division, which found no error and dismissed the report.

We believe there was error in the denial of this request by the judge and in the action of the Appellate Division in dismissing the report. The written notice was insufficient in that it was not shown to have been seasonably given. The burden was on the defendant, who was asserting the breach of warranty, to prove that notice of the breach was given within a reasonable time after he knew or ought to have known of such breach. G. L. (Ter. Ed.) c. 106, § 38. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 168. *Putnam* v. *Great Atlantic & Pacific Tea Co.* 304 Mass. 364, 366–367. *Murphy* v. *Gilchrist Co.* 310 Mass. 635, 637.

Nothing appears as to the time when the defendant knew or should have known of the breach. It may well have been discovered soon after he received the first lot that was shipped to him on December 17, 1946. If that were so, certainly a lapse of more than four months before giving notice would be unreasonable. The time of the discovery of the breach is left entirely to surmise and conjecture. We are of opinion that the notice was defective in that it was not shown to have been seasonably given and in this respect at least it presented a question of law which the plaintiff suitably raised by its seventh request. *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456, 461. What we have said applies equally to the oral complaints made to the salesmen of the plaintiff. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 168.

There may have been other defects in the notice so that it was insufficient to comply with the statute but we need not consider them in view of the conclusion we have reached in regard to the seasonableness of the notice.

The order of the Appellate Division must be reversed and the finding of the judge vacated. Judgment must be entered for the plaintiff in the sum of $207 as alleged in the plaintiff's declaration.

*So ordered.*