*Municipal Court of the City of Boston*

No. 385643

## MORRIS STRUHL, INC.

**v.**

## LOUIS BRUDNICK

(June 28, 1955)

*Adlow, C. J.* Action to recover sales price of

$858.00 for 264 dozen earthenware mugs sold by Morris Struhl, Inc., as Seller, to Louis Brudnick of Chelsea, Massachusetts, as Buyer. The goods were delivered by the Seller to the Beacon Fast Freight, a Carrier, at the Seller's warehouse in Newark, New Jersey, on September 2, 1953 and were delivered to the Buyer on September 3, 1953. The Buyer paid the freight charges from the shipping point.

The shipment was delivered by the Carrier in 19 cases. Sometime before October 15, 1953 the Buyer opened 4 of these cases and found considerable breakage, and immediately communicated with the Carrier concerning the breakage. On October 15, 1953 the Buyer notified the Seller that it had inspected 4 of the cases and "to our dismay we discovered extensive damage within each case." He further informed the Seller in this letter that he had informed the Carrier of the damage, and that the Carrier advised him to inform the Seller of it. On October 19 the Seller advised the Buyer to make a claim against the Carrier for the damage.

On December 1, 1953 and January 11, 1954 the Seller wrote to the Buyer and demanded payment for the goods. In response to the demand of January 11, 1954 the Buyer wrote:

"We have made claim to the freight for the extensive damage found in your shipment. To date, we have not heard from them relating to our claim.

We are this day writing them requesting immediate settlement of our claim.

As soon as we receive satisfaction on our claim, you will be paid and not until then."

The remaining 14 cases received by the Buyer were not opened by him until June, 1954 when about one-third of the contents were found to be broken.

In this action the Seller seeks to recover the sales price of $858.00 and the Buyer seeks to recoup in the amount of $286.00 claiming a breach of warranty with respect to approximately one-third of the ship-

ment. The evidence at the trial with respect to the breakage and the notice of same was substantially as set forth above.

At the close of the evidence the Seller requested the court (*Spiegel, J.*) to rule that (1) the notice of the alleged breach of warranty was not given within a reasonable time; (2) that the alleged notice sent to the Seller was insufficient as a matter of law to lay the foundation for a claim based on breach of warranty; and (3) that if the damage occurred to the goods after its delivery to the Carrier the Buyer would be liable for the price of same.

In refusing to rule as requested and in allowing the Buyer to recoup in the amount of $286.00 the court made the following findings of fact:

"I find that there was a breach of the implied warranty of fitness by the plaintiff; that the defendant notified the plaintiff within a reasonable time that part of the goods received were not merchantable; that part of the goods arrived in a damaged condition and were not merchantable."

While each of the rulings of which the Seller complains raises an interesting question of law, it will be unnecessary to consider them all. The conditions under which a buyer may enforce his rights for a breach of warranty are defined by the terms of G. L., c. 106, §38. In construing this section the courts have insisted that a buyer who proposes to make a claim for a breach of warranty must give the seller notice *within a reasonable time* after he knows of such breach. *Munroe Auto Eq. Co. v. Bloom*, 326 Mass. 65; *Murphy v. Gilchrist Co.*, 310 Mass. 635. Such a notice must not only communicate information with respect to the condition of the goods, but must clearly indicate that the buyer intends to claim damages from the seller for the alleged breach of warranty. The notice should be such as to repel the inference of a waiver of the claim for breach of warranty. *Lieberman v. Gullikson Mfg. Co.*, 332 Mass. 439; *Morin v. Stromberg*,

309 Mass. 146, 149; *Nashua River Paper Co. v. Lindsay,* 249 Mass. 365, 370. All the reported evidence indicates that the Buyer was pressing his claim for damage against the Carrier rather than the Seller. In his reply to the letter of January 11, 1954 the Buyer stated, "As soon as we receive satisfaction on our claim, you will be paid and not until then." In none of the correspondence between the plaintiff and the defendant is there an assertion of a claim against the Seller for the damage. Such communications fail to meet the requisites of a sufficient notice of breach of warranty. *Idzykowski v. Jordan Marsh Co.,* 279 Mass. 163, 167; *Putnam v. Gr. A & P Tea Co.,* 304 Mass. 364, 365 and cc. (Notice insufficient); *Guthrie v. J. J. Newberry Co.,* 297 Mass. 245, 247-250 (Notice valid); *Smith v. Denholm & McKay, Co.,* 288 Mass. 234, 241 (Notice sufficient). For these reasons the defence of breach of warranty was not available to the Buyer and the claim of recoupment should have been disallowed.

*Finding for plaintiff in amount of $572.00 vacated. Finding to be entered for plaintiff in the amount of $858.00.*

Samuel Shostak, for the plaintiff.

Irving A. Estrich, for the defendant.

## EDITH M. FAGIN, d/b/a
## FRAMINGHAM BUILDING & WRECKING CO.

### v.

## JOHN McCARRON and
## FRAMINGHAM TRUST CO., TR.

### JOHN McCARRON

### v.

## EDITH M. FAGIN, d/b/a
## and TRUSTEE

*Eno, J.* These are cross actions of contract by

The Court found for the plaintiff Fagin against John McCarron in the amount of $244.50 and for the said Fagin in the suit against her by the said McCarron.

We have examined the reported requests for rulings and find no prejudicial error of law in their disposition by the trial judge. These two cases presented questions of facts for the trial judge who decided them adversely to the appellant.

Most of the requests for rulings are for findings of facts, which the trial judge was not obliged to give, *Evans v. Middlesex County,* 209 Mass. 474, 480; *Castano v. Leone,* 278 Mass. 429, 431; *DiLorenzo v. Atlantic, National Bank,* 278 Mass. 321, 325; *Memishian v. Phipps,* 311 Mass. 521, 523; *Kelsey v. Hampton Court Hotel,* 327 Mass. 150, 152; *E. A. Strout Realty Agency v. Gargan,* 328 Mass. 524, 525; or based upon facts which were not found, or inapplicable to those found, by her.

*Bradley v. Meltzer,* 245 Mass. 41, 43; *Franklin Park Lumber Co. v. Huie-Hodge Lumber Co.,* 246 Mass. 157, 158; *Simpson v. Eastern Mass. St. Ry.,* 292 Mass. 562, 565; *Gibbons v. Denoncourt,* 297 Mass. 448, 452.

There being no prejudicial error in the disposition

of the requests for rulings the entry is to be made in each case: Report Dismissed.

(These cases are printed in abridged form).

For Appellant: John C. O'Brien.

For Appellee: John J. St. Andre.